UNITED STATES of America

v.

Isaac L. JAMES, Appellant.

No. 72–1001.

United States Court of Appeals, District of Columbia Circuit.

Aug. 25, 1972.

---

Mr. Donald Joseph Sheehy (appointed by this Court), was on the brief for appellant.

Mr. Harold H. Titus, Jr., U. S. Atty., was on the brief for appellee. Messrs. John A. Terry, John E. Rogers, and James A. Fitzgerald, Asst. U. S. Attys., also were on the brief for appellee.

Before WRIGHT, TAMM, and WILKEY, Circuit Judges.

PER CURIAM:

On the night of 15 July 1972 the arresting officer received a telephone call from an allegedly reliable source, reporting that a person known as Isaac L. James was in the process of obtaining a quantity of heroin and would be back in a specified area of Washington within an hour. The informant described the automobile driven by James and gave the license number. Later in the evening the informant called again to say that he had seen Isaac L. James make two sales of heroin in a certain area of Washington. At this time the officer and his partner went to the area specified by the informant, where they observed the automobile with the specified license plate number.

After following the vehicle the officers stopped the suspect's car and requested his driver's license and registration. When a driver's license with the name Isaac L. James was produced, the officer advised James that he was under arrest and that his car was to be searched. James allegedly sat down in the front seat of the automobile, removed a sack from under the seat, and threw the package under the car. The arresting officer immediately retrieved the bag, which a preliminary field test indicated contained some form of narcotic.

On the testimony of the two officers the jury found James guilty of knowingly and intentionally possessing with intent to distribute a quantity of a controlled substance, heroin. Appellant James advances five grounds for reversal. None of the five provide a sufficient basis.

First, it is alleged that the police lacked probable cause for the arrest. The arresting officer in this case had been told by a known reliable informer that he had just seen appellant engage

in two narcotics transactions. The informant identified appellant by name and gave a description of appellant's automobile. Acting upon this information, the officer went to the location given by the informant where he saw the described automobile. Upon being stopped by the officer, the driver of the car identified himself with the name given by the informant. Under the Supreme Court decisions of McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L. Ed.2d 62 (1967), and Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L. Ed.2d 327 (1959), identifying information supplied by a known informant coupled with the arresting officer's verification of this information is adequate probable cause for an arrest.

■ Secondly, appellant contends it was error for the trial court to refuse to order the Government to reveal the identity of the informant who provided the basis for appellant's arrest. In Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the Supreme Court established guidelines for disclosing the identity of an informant. This court and other federal courts have consistently held "that *Roviaro* does not require disclosure of an informant who was not an actual participant in or a witness to the offense charged." United States v. Skeens, 145 U.S.App.D.C. 404, 409, 449 F.2d 1066, 1071 (1971).

■ Thirdly, appellant contends that his conviction was based upon evidence that was unlawfully seized from his car. The evidence appellant sought to have excluded was not the product of a search of the car. It was discovered in a bag that the arresting officer saw appellant take from under the seat and throw under the car. Even if the bag had been found in the car it would have been admissible under the Supreme Court's decision in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L. Ed. 543 (1925).

■ Fourthly, appellant argues that the trial court erred in not declaring a mistrial when a defense witness was arrested outside the courtroom. Although some noise accompanied the arrest, there is no reason to assume that the jury knew what was causing the noise. The trial court has broad discretion in deciding whether to declare a mistrial. We are not convinced that the trial judge in this case abused that discretion.

■ Fifthly, appellant argues that the prosecution's use of the term "monster" in its closing arguments was so prejudicial that a mistrial should have been declared. In the context in which the comment was made it does not appear to have been improper. In any case, trial counsel made no objection at the time and it was clearly not so inflammatory as to amount to plain error under Fed.R.Crim.P. 52(b).

The action of the trial court is

Affirmed.

J. SKELLY WRIGHT, Circuit Judge, concurs in the result.