**UNITED STATES of America**

v.

**Carl T. LEE and Darlene C. Humphries.**

**No. 73–1682.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 18, 1974.

Decided July 25, 1974.

Roger M. Adelman, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty. at the time the brief was filed, John A. Terry and John R. Dugan, Asst. U. S. Attys., were on the brief, for appellant.

Deborah Jennings Nalls * (Student Counsel) with whom Frank F. Flegal, Washington, D. C. (appointed by this Court), was on the brief, for appellees. Steven Umin, Washington, D. C., entered an appearance for appellee.

Before EDWARDS, ** United States Circuit Judge for the Sixth Circuit, and TAMM and WILKEY, Circuit Judges.

* Entered an appearance as Student Counsel pursuant to Rule 20 of the General Rules of this Court.

** Sitting by designation pursuant to 28 U. S.C. § 291(a).

EDWARDS, Circuit Judge:

The United States appeals (under 18 U.S.C. § 3731 (1970)) from the grant of a motion to suppress evidence in a narcotics case.[1] The United States District Judge who granted the motion did so because she held that the narcotics agents involved in the warrantless arrest did not have probable cause for arrest. Since we believe that the facts known by the officers before they stopped defendants Lee and Humphries did constitute probable cause for arrest and that prior procurement of a search warrant under the circumstances facing them would have been impossible without the strong probability of the disappearance of the evidence of the crime, we reverse and remand the case for trial.

The arrest of the two defendants followed a lengthy surveillance on the date concerned. Early in the morning, one of the officers (Johnson) had talked to an informant well-known to the law enforcement office with which these officers worked. This informant had supplied reliable information over a period of four years which led to 26 previous arrests. Johnson himself had worked with this informant on three cases which had resulted in warrants for arrest and Johnson also testified that he knew defendant Lee's reputation as a narcotics trafficker.

In this instance the informant told Johnson that Lee had told him by phone that morning that he was going to make a delivery of narcotics to him (the informant) at a Northeast Washington location that same day. As a result of surveillance by three undercover officers, the officers followed a car in which Lee and defendant Humphries were riding to Northeast Washington. They lost them briefly in Northeast Washington and picked them up again. At that point Johnson received a radio message from headquarters informing him that the informant had called and had said Lee had the material on him now. The officers thereupon decided to make the arrest. They pulled Lee's car, in which Humphries was riding, over by dint of jamming their three automobiles around it.

At the point of arrest after Lee's car was stopped, one of the officers saw Humphries with a tinfoil packet (similar to ordinarily used narcotic packets) in her hand which she sought to put in her purse. He seized the packet and found another one in her purse, both of which the government subsequently sought to introduce.

---

1. We do not agree with appellees' argument that we lack jurisdiction over this appeal. Notice of appeal was filed within 30 days (as construed by Rule 26(a) Fed.R.App.P.) of the only "entry of the judgment or order appealed from" signed by the District Judge. Fed.R.App.P. 4(b). See 18 U.S.C. § 3731 (1970). It is true as appellees contend that the docket entry of March 9, 1973, could have served as a final "judgment or order" under Fed.R.App.P. 4(b). But where, as here, the District Judge sees fit to enter a formal order and does so before the time to file notice of appeal expires, we will presume, in the absence of any contrary showing, that she intended the formal order to be the final judgment from which the appeal may be taken. The Supreme Court in United States v. Hark employed this same reasoning:

> In view of the diverse practice and custom in District Courts we cannot lay down any hard and fast rule. Where, as here, a formal judgment is signed by the judge, this is *prima facie* the decision or judgment rather than a statement in an opinion or a docket entry. In recent cases we have so treated it. . . . [W]e think we should give weight to the action of the judge rather than to the opinion of counsel or of a ministerial officer of the court. The judge was conscious, as we are, that he was without power to extend the time for appeal. He entered a formal order of record. We are unwilling to assume that he deemed this an empty form or that he acted from a purpose indirectly to extend the appeal time, which he could not do overtly. In the absence of anything of record to lead to a contrary conclusion, we take the formal order of March 31 as in fact and in law the pronouncement of the court's judgment and as fixing the date from which the time for appeal ran.

United States v. Hark, 320 U.S. 531, 534–535, 64 S.Ct. 359, 361, 88 L.Ed. 290 (1944). (Footnotes omitted.)

The information upon which the officers were acting in their surveillance was supplied by an informant whose reliability was well established. One of them knew defendant Lee as a narcotics trafficker. The officers had confirmed the informant's prediction that defendant Lee was going to a Northeast Washington location that day. Prior to the arrest they had received specific information that defendant Lee had "the material" on his person at the time.

■ Such specific information about commission of a federal crime in the presence of the officers in our view certainly constituted probable cause for arrest. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). Before their surveillance of Lee's Northeast Washington trip and the informant's phone call stating that Lee had the material on him, the officers had only the prediction of the commission of a crime. An application for a search warrant before they followed Lee to Northeast Washington would probably have been futile. If they had delayed their arrest after the informant's phone call saying that Lee had the material, the probability of the disappearance of the evidence would have been great. *See* Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1924). And in any event, law enforcement officers who have probable cause to believe that a felony is being committed in their presence have authority to arrest forthwith.

The search which followed the stopping of the car was incident to the arrest. United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1968).

■ The plain sight view of the packet in defendant Humphries' hands supplied probable cause for her arrest, Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968) (per curiam), and the search of her purse incident thereto. United States v. Robinson, *supra*; Gustafson v. Florida, *supra*; Chimel v. California, *supra*.

The order suppressing the narcotics seized in this case is vacated and the case is remanded to the District Court for trial.