**Robert S. HAMMOND, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 8565.**

District of Columbia Court of Appeals.

Submitted Sept. 9, 1975.

Decided Oct. 7, 1975.

Jerry Lee Dier, Silver Spring, Md., appointed by this court, for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, James F. McMullin, Lawrence H. Wechsler and Jason D. Kogan, Asst. U. S. Attys., were on the brief, for appellee. John H. Bayly, Jr., Asst. U. S. Atty., also entered an appearance.

Before KELLY, FICKLING and GALLAGHER, Associate Judges.

FICKLING, Associate Judge:

This is an appeal from appellant's jury trial conviction on one count of assault

with a dangerous weapon[1] and one count of carrying a dangerous weapon.[2] He was sentenced to prison terms of three-to-nine years for assault with a dangerous weapon and two-to-six years for carrying a dangerous weapon, the sentences to be served consecutively. Appellant asserts that the trial judge erred by (1) refusing to grant appellant's motion for a mistrial, (2) using words of compulsion in instructing the jury, thereby directing the verdict and depriving appellant of his right to a jury trial, and (3) imposing consecutive sentences. After careful consideration, we find these contentions without merit.

On the second day of trial, a man later identified as appellant's father created a disturbance in the courtroom during a colloquy between the trial judge and defense counsel. The jurors had not been brought into the courtroom and were waiting in the hallway outside. Having observed the disturbance, a deputy marshal ordered this person to accompany him out of the courtroom and down the hallway to the security guard's desk. There, the marshal observed the father's inebriated condition and noticed a bottle of wine and a large screwdriver on his person.

The security guard asked the man to leave the courthouse, but he became belligerent and refused. A struggle ensued as the security guard began to escort him out of the building. At that time appellant approached the guard and in a loud voice stated, "What are you m— f—s doing with my father." Being aware that the jurors were in the corridor a short distance away, the marshal explained to appellant that his father was intoxicated and would have to leave the courthouse. The marshal asked appellant to step aside, but appellant refused and continued in a loud voice to make obscene and abusive remarks. The marshal then grabbed appellant by the seat of his pants and took him out of the courthouse building where the outburst continued.

After being informed of the incident, the trial judge called each juror, including the alternates, to the bench to determine whether they could reach a fair and impartial verdict solely on the basis of evidence presented in the courtroom. Three of the jurors indicated that the disturbance might have some influence on them. The trial judge also held a hearing regarding the incident and heard testimony from the deputy marshal, the court reporter, and the trial judge's law clerk. After a finding that the disturbance was initiated by appellant and that its effect was not sufficient to justify a mistrial, appellant's motion for a mistrial was denied. The jurors were instructed to disregard the incident and to reach a verdict solely on the basis of evidence presented in the courtroom.

 Appellant initially argues that the trial judge erred in refusing to grant his motion for a mistrial. Appellant claims that the disturbance outside the courtroom prejudiced the jurors to the extent that he was denied his right to trial by an impartial jury.

A motion for mistrial is addressed to the sound discretion of the trial judge. *United States v. James,* 151 U.S.App.D.C. 304, 466 F.2d 475 (1972). Refusal to grant a criminal defendant's motion for mistrial, based upon his own disruptive conduct during the trial, has been upheld where the trial judge promptly instructed the jury to disregard the outburst. *United States v. Bentvena,* 319 F.2d 916 (2d Cir. 1963); *United States v. Aviles,* 274 F.2d 179 (2d Cir. 1960). To hold otherwise would provide a criminal defendant with a convenient device for provoking a mistrial whenever he chose to do so, either inside or outside the courtroom. *See United States v. Aviles, supra* at 193. In *Bentvena,* two defendants were shackled and gagged after one had climbed into the jury box and pushed jurors, and the other had hurled a chair which missed the intended target, an Assistant United States Attorney, but struck the jury box

---

1. D.C.Code 1973, § 22–502.

2. D.C.Code 1973, § 22–3204.

**142**

and shattered. In *Aviles,* one of the defendants burst into a tirade and asserted that all those on trial were convicts and that some were then in prison. While there was no examination of the jurors in either *Aviles* or *Bentvena* to determine whether their judgment would have been influenced by the outbursts, it would be difficult—if not impossible—to believe that such seriously disruptive conduct in a courtroom during trial had no effect on the jurors.

In the instant case, the trial judge found after a full hearing that the incident was prompted by appellant, without provocation from the prosecution, and fully instructed the jury to disregard the incident and reach a verdict based solely on the evidence presented in the courtroom. Accordingly, there was no basis for a mistrial.

Appellant next argues that the trial judge committed plain error by using words of compulsion in instructing the jury, thereby directing the verdict and depriving appellant of his right to a jury trial. Contrary to appellant's assertion, the instruction correctly charges the jury that it must acquit unless the prosecution has proved beyond a reasonable doubt every element of each offense.[3] In the instruction there is no direction compelling the jury to find the appellant guilty.

Finally, we find no error in the imposition of consecutive sentences in this case. D.C.Code 1973, § 23–112, authorizes the imposition of consecutive sentences for

offenses arising out of the same transaction when one offense requires proof of a fact which the other does not.[4] The offense of carrying a dangerous weapon requires proof that the weapon was unlicensed while the offense of assault with a dangerous weapon does not. *Kendrick v. United States,* 99 U.S.App.D.C. 173, 175, 238 F.2d 34, 36 (1956).

*Affirmed.*

3. Now, ladies and gentlemen, you understand, as I told you earlier, that the obligation of the Government to prove every element of each and every offense remains. And unless you find that the Government has proved every element of any particular offense here, on that one that you find it has not maintained that burden, you must find the defendant not guilty. That obligation of the Government remains throughout the trial and so you must find that the Government has established beyond a reasonable doubt each of the elements that I have outlined to you of each offense in order to bring in a verdict of guilty regarding that offense.

4. § 23–112. Consecutive and Concurrent Sentences.

*A sentence imposed on a person for conviction of an offense shall,* unless the court imposing such sentence expressly provides otherwise, *run consecutively to any other sentence imposed on such person for conviction of an offense, whether or not the offense* (1) arises out of another transaction, or (2) *arises out of the same transaction and requires proof of a fact which the other does not.* [Emphasis supplied.]