**Eugene SMITH, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 9661.**

District of Columbia Court of Appeals.

Argued Nov. 12, 1975.

Decided Dec. 11, 1975.

John J. Stanton, Washington, D. C., appointed by this court, for appellant.

Henry A. Gill, Jr., Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry, James F. McMullin and Joseph B. Valder, Asst. U. S. Attys., were on the brief, for appellee.

Before REILLY, Chief Judge, and KELLY and NEBEKER, Associate Judges.

KELLY, Associate Judge:

After trial without a jury appellant was found guilty of unlawful possession of heroin (D.C.Code 1973, § 33–402(a)). The error alleged on appeal is that the trial court erred in denying his pretrial motion to suppress. We affirm.

The government's evidence on the motion to suppress was that Metropolitan Police Officer Mathis, assigned to the vice squad, received a telephone call at his office at approximately 3:50 p. m. on June 18, 1974. The caller was an informant who stated that a Negro male wearing a dingy yellow shirt, brown pants, medium bush, about 5'11" to 6' tall, with big lips, was selling heroin from a cigarette package on the 1900 block of 12th Street, Northwest. Accompanied by Officers Anderson and Washington, and some other vice officers, Mathis proceeded within 5 to 10 minutes to that location where he observed the appellant who fit the description received. Appellant was placed under arrest and a cigarette package containing eight tin foils of white powder was taken from his pants pocket. The informant had stated in his telephone call that he had watched the appellant selling tin foil packets from the cigarette package. The informant had proven reliable in the past, having assisted in 12 to 14 prior narcotics arrests. He had also given information that led to the procuring of a search warrant where narcotics were recovered. About an hour or an hour-and-a-half before the telephone call, the same informant had given information indicating that the same suspect was selling narcotics on the 1300 block of T Street. When police officers responded to that information, they could not find the suspect there.

The above evidence established that the police acted upon information received from an informant,[1] describing in detail the activities of the appellant, his physical description, his present location, and that narcotics were contained in a cigarette package in his possession. Acting upon this information, the police proceeded to the locale furnished to them and there found the appellant, fitting in every particular the description furnished to them. The reliability of the informant had been established by his prior contacts with the police where information furnished by him had proved accurate. Under these circumstances, the information supplied by a reliable informant was sufficient to establish probable cause to apprehend the appellant and seize the contraband. Banks v. United States, D.C.App., 305 A.2d 256 (1973); accord, United States v. Malcolm, D.C.App., 331 A.2d 329 (1975); United States v. Lee, 163 U.S.App.D.C. 330, 501 F.2d 890 (1974); United States v. Carter, 162 U.S.App.D.C. 132, 498 F.2d 83 (1974); United States v. James, 151 U.S.App.D.C. 304, 466 F.2d 475 (1972). See also McCray v. Illinois, 386

1. Appellant questions the existence of an informant by citing discrepancies in the testimony of Officer Anderson before the grand jury and that of Officer Mathis on the motion to suppress. Although appellant's counsel had the grand jury transcript at trial, this point was not raised in the trial court so we do not consider it here. Glover v. United States, D.C.App., 301 A.2d 219, 222 n. 4 (1973).

U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967) and *Draper v. United States,* 358 U. S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). Although the appellant was not formally placed under arrest until the contraband was seized from his pocket this fact is not material. Even if the formal arrest was not made until after the search, the search may be upheld so long as there was probable cause for an arrest before the search took place. *McWilliams v. United States,* D.C.App., 298 A.2d 38 (1972); *Bailey v. United States,* 128 U.S.App.D.C. 354, 389 F.2d 305 (1967).

We hold that the trial court did not err in denying appellant's pretrial motion to suppress.

*Affirmed.*