DISTRICT OF COLUMBIA, Appellant,

v.

M. E. K., Appellee.

No. 79–203.

District of Columbia Court of Appeals.

Argued Sept. 20, 1979.

Decided Oct. 15, 1979.

22. In my view, the impeachment issue does not rise to the level of reversible error.

David P. Sutton, Asst. Corp. Counsel, Washington, D. C., with whom Judith W. Rogers, Corp. Counsel, Louis P. Robbins, Principal Deputy Corp. Counsel, Washington, D. C., at the time the brief was filed, and Richard W. Barton, Deputy Corp. Counsel, Washington, D. C., were on the brief, for appellant.

Shelly Finch, Washington, D. C., for appellee.

Before NEWMAN, Chief Judge, and FERREN and PRYOR, Associate Judges.

FERREN, Associate Judge:

This interlocutory government appeal presents one question: whether the government established probable cause based on an informant's tip under the two-pronged test set forth in *Aguilar v. Texas*, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 413, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The informant's "veracity" is uncontested. The motions judge found, however, that the "basis of knowledge" prong of the *Aguilar-Spinelli* test had not been met because the arresting officers, upon arriving at the scene, had not observed appellee either at the precise location or engaging in the illegal drug sale reported by the informant. Accordingly, the judge granted appellee's motion to suppress the Preludin tablets seized incident to appellee's arrest. Because the arresting officers need not personally corroborate a reliable informant's tip if the informant states that he personally has witnessed the illegal activity, we reverse.

### I.

At approximately 7:30 p. m. on or about January 6, 1979,[1] Metropolitan Police Detective Ross E. Swope received a telephone call at Third District Headquarters from a person who identified himself as a known police informant. The informant had provided reliable information to Drug Enforcement officers on six previous occasions.[2]

The informant told Detective Swope that he had "observed a subject in front of the Republic [Restaurant] selling Bam[ ]."[3] The informant described the individual as "a Negro male, 17 to 18 years old, approximately five feet six inches tall, with a slim build . . . [who] was wearing a light blue, denim-type windbreaker and a black and white knit cap and black and white tennis shoes."

Within 15 to 20 minutes after receiving the call, Detective Swope and another officer, Detective Larry Thomas, drove to the Republic Restaurant and saw appellee, M. E. K., crossing the street. M. E. K. matched the informant's physical description in every detail. M. E. K., however,

---

1. The record gives several dates for the challenged arrest and seizure: January 8, 1979 (tr. at 3); January 7, 1979 (appellee's motion to suppress); January 6, 1979 (tr. at 5, 20) (petition; appellant's opposition to motion to suppress).

2. On those six occasions, the informant had furnished information leading to the arrest of two individuals and the seizure of four types of narcotics worth over $5,000. The informant had never, to Detective Swope's knowledge, provided information that later proved false or unreliable.

3. "BAM" is a street term for phenmetrazine, also known as Preludin.

was neither standing directly in front of the restaurant nor selling anything when the officers observed him. They placed him under arrest; a contemporaneous search resulted in the seizure of 17 pink tablets which the officers identified as Preludin.

The government brought a juvenile proceeding against M. E. K., charging him with possession of a controlled substance (Preludin) with intent to distribute or dispense, in violation of 21 U.S.C. § 841 (1976). *See District of Columbia v. P. L. M.,* D.C.App., 325 A.2d 600 (1974). After a hearing at which only Detective Swope testified, the judge granted M. E. K.'s motion to suppress the seized tablets. The government filed this interlocutory appeal pursuant to D.C. Code 1973, § 23–104.

### II.

In *Rutledge v. United States,* D.C.App., 392 A.2d 1062 (1978), we recently summarized the criteria for judging probable cause based on data supplied by an informant, rather than by observation of the arresting officer.

> *Aguilar-Spinelli* requires that when probable cause is to be justified by an informant's tip, it must be established by sufficient evidence (1) that the informant had a sound basis for his knowledge of the particular, reported criminal activity, and (2) that the informant himself is a truthful person. [*Rutledge, supra* at 1065.][4]

In the present case, the informant's veracity is not questioned, but the motions judge held that the government had not satisfied the "basis of knowledge" criterion. More specifically, relying on *Nance v. United States,* D.C.App., 377 A.2d 384 (1977) and *Rushing v. United States,* D.C.App., 381 A.2d 252 (1977), the judge granted the motion to suppress because she found that the arresting officers had not been able to corroborate either the exact location or the illegal activity specified in the informant's tip. On appeal, the government contends that our recent decision in *Rutledge, supra,* supports its position that the knowledge criterion is satisfied where, as here, the informant's tip is based on his own personal observation.

We agree with the government. Our decisions recognize that the knowledge criterion is satisfied when "the informant's tip [is] based on personal knowledge acquired by first-hand observation." *Rutledge, supra* at 1065.[5] Here, as in *Rutledge, supra,* the informant stated that he personally had observed a described individual in front of the Republic Restaurant.

The motions judge's reliance on *Rushing, supra,* and *Nance, supra,* is misplaced. In those cases, the knowledge criterion was not met because there was no direct indication as to how the informant had obtained the information, and the description of the suspect and the circumstances were otherwise insufficient to provide assurance that the informant had personally witnessed the transaction or otherwise "gained his information in a reliable way." *Spinelli, supra* 393 U.S. at 417, 89 S.Ct. at 589 (footnote omitted).[6]

---

**4.** This court has endorsed two shorthand expressions, "basis of knowledge" (or "knowledge") and "veracity" for the first and second *Aguilar-Spinelli* criteria, respectively. *Nance v. United States,* D.C.App., 377 A.2d 384 (1977). We use that terminology in this opinion.

**5.** *E. g., United States v. Davis,* D.C.App., 387 A.2d 1091 (1978) (informant's basis for knowing suspect was selling BAM was that he had seen appellee sell pills from her purse "shortly before"); *Smith v. United States,* D.C.App., 348 A.2d 891 (1975) (informant stated that he had watched suspect selling tin foil packets from a cigarette package); *Banks v. United States,* D.C.App., 305 A.2d 256 (1973) (informant stat-ed that he "personally knew" the suspect had "dope" on him).

**6.** In *Rushing, supra* at 256–57 (footnote omitted), there was "no evidence" indicating how the caller obtained her information or on what grounds she concluded that the defendants were selling narcotics." In *Nance, supra* at 387, the informant's statement that the suspect "was selling bam" did not indicate that the informant personally had observed the sale, and the information provided to the police was not otherwise detailed enough to assure that the informant was "'relying on something more substantial than a casual rumor circulating in the underworld or an accusation based

In the present case, the fact that the police observed appellee crossing the street near the restaurant, rather than standing in front of it where the informant had observed the sale, does not undercut the basis of knowledge established by the informant's personal observation of the described individual making the sale.[7]

*Reversed.*

merely on an individual's general reputation.' " (quoting *Spinelli, supra,* 393 U.S. at 416, 89 S.Ct. 584).

Although "personal observations are the most frequently endorsed ground for finding an informant's report to be soundly based," *Rutledge, supra* at 1065 (citations omitted), the Supreme Court has made clear that the knowledge criterion need not be satisfied by first-hand knowledge; the informant's own reliance on hearsay may, in some circumstances, provide sufficient reliability. *See Spinelli, supra* 393 U.S. at 416–17, 425, 89 S.Ct. 584.

7. This case, accordingly, is not one in which, despite the informant's reported personal knowledge of the illegal activity, the suspect is too remote from the scene to justify a finding of probable cause.