Willie COLEMAN, Appellant,

v.

UNITED STATES, Appellee.

No. 81–62.

District of Columbia Court of Appeals.

Submitted Nov. 24, 1981.

Decided Aug. 3, 1982.

Jeffrey Hannon, Silver Springs, Md., appointed by this court, for appellant.

Diane G. Clarke, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., Washington, D. C., at the time the brief was filed, John A. Terry and John R. Fisher, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, NEBEKER, Associate Judge, and YEAGLEY, Associate Judge, Retired.

YEAGLEY, Associate Judge, Retired:

■ Appellant, along with two codefendants, was charged with possession of heroin in violation of D.C.Code 1973, § 33–402. The trial court declared a mistrial shortly after the commencement of the trial. Appellant subsequently filed a motion to dismiss the information on double jeopardy grounds. The motion was denied.[1] Appellant contends on this appeal that the trial court abused its discretion in declaring a mistrial over his objection and that the double jeopardy clause of the Fifth Amendment[2] bars a retrial because the declaration of the mistrial was not compelled by manifest necessity. We agree and reverse.

The record reflects that the jury had been impaneled, the defense and government counsel had made opening statements, and the government's forensic expert had been qualified after an extensive voir dire. Thereafter, counsel for appellant's codefendants indicated that they had just learned of a possible Bruton[3] problem allegedly contrary to prior government representations at the status hearing. The trial court refused to allow counsel to delay the trial until a transcript of the status hearing was obtained, reminding counsel of the problems in the speedy administration of justice. The court also declined to exclude the statements. The government refused to commit itself as to whether it intended to use any of the alleged Bruton statements in its case-in-chief. The court suggested that the proper time for defendant's motion for severance was months before. Upon request of the trial court, appellant's codefendants then waived double jeopardy, a mistrial was declared, and a new trial rescheduled. Appellant's counsel specifically objected and declined to waive double jeopardy stating that the alleged Bruton statements did not affect his client.

■ It is undisputed that jeopardy attaches when the jury is impaneled, Crist v. Bretz, 437 U.S. 28, 29, 98 S.Ct. 2156, 2157, 57 L.Ed.2d 24 (1978); United States v. Bristol, D.C.App., 325 A.2d 183, 186 (1974), and that appellant has a "valued right to have his trial completed by a particular tribunal." Braxton v. United States, D.C.App., 395 A.2d 759 (1978), quoting Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 837, 93 L.Ed. 974 (1949). Accordingly, after a mistrial was declared over appellant's objection, the double jeopardy clause would bar any further prosecution for the same offense unless "there was a manifest necessity for the [mistrial], or the ends of public justice would otherwise be defeated." United States v. Jorn, 400 U.S. 470, 482, 91 S.Ct. 547, 555, 27 L.Ed.2d 543 (1971), quoting United States v. Perez, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1924). The trial court is permitted to exercise its sound discretion in determining when manifest necessity requires a mistrial. Hammond v. United States, D.C.App., 345 A.2d 140, 141 (1975). "Manifest necessity" does not describe a standard that can be applied mechanically or without attention to the particular problem confronting the trial court.

---

1. An order denying a motion to dismiss on double jeopardy grounds is immediately appealable. Abney v. United States, 431 U.S. 651, 659, 97 S.Ct. 2034, 2040, 52 L.Ed.2d 651 (1977).

2. U.S.Const. amend. V provides: "nor shall any person be subject for the same offense to be twice put in jeopardy for life or limb . . . ."

3. In Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the Supreme Court held that a defendant's confession to a government agent that also admitted that there was an accomplice could not be allowed into evidence before a jury at a joint trial of the defendant and codefendant.

*Arizona v. Washington*, 434 U.S. 497, 506, 98 S.Ct. 824, 830, 54 L.Ed.2d 717 (1978). Along the spectrum of trial problems which may warrant a mistrial, different situations vary in their amenability to appellate scrutiny. One end of the spectrum, which requires the strictest scrutiny, is the situation where the prosecutor has provoked a mistrial for a tactical advantage. At the other extreme where there is a dead-locked jury or an issue of possible juror bias, the court's decision should be afforded the greatest deference. *Arizona v. Washington, supra* at 508–10, 98 S.Ct. at 831–32.

 Here as the trial continued, it became clear that defense counsel for the codefendants believed that they had been misled by the government and that if the trial continued they would be prejudiced. The trial court refused to delay the trial in progress or to exclude the challenged statements or to sever appellant's trial from the codefendants' trial. Appellant's codefendants' agreed to waive double jeopardy and the trial court then declared a mistrial.

In *United States v. Sedgwick*, D.C.App., 345 A.2d 465, *cert. denied*, 425 U.S. 966, 96 S.Ct. 1751, 48 L.Ed.2d 210 (1975), we held that where the trial court acting in good faith, but erroneous belief that the defendant had been entitled to alleged *Brady* information,[4] and where the defendant declined a continuance and also refused to waive double jeopardy, then double jeopardy did not bar retrial. However, that differs materially from the situation in the instant case.

Appellant's position distinctly differs from his codefendants. The alleged *Bruton* problem did not affect appellant. As far as he was concerned individually, there were no reasons not to continue the trial. The trial court had a number of less drastic alternatives, but was unwilling to adopt any of them. The court could have, *inter alia*, severed appellant's trial from the codefendants or allowed a short delay to obtain the transcript from the status hearing in order to determine the *Bruton* issue.

As the Supreme Court noted in *United States v. Jorn, supra*, 400 U.S. at 486, 91 S.Ct. at 557,

> "in the final analysis, the judges must always temper the decision whether or not to abort the trial by considering the importance to the defendant of being able, once and for all, to conclude his confrontation with society through the verdict of a tribunal he might believe to be favorably disposed to his fate."

Here appellant had not waived his right to go to trial with the jury that had been impaneled. Notwithstanding the general rule that in the interest of judicial economy defendants charged with jointly committing crimes are to be tried jointly; in this instance, appellant's constitutional right to be free from double jeopardy is paramount.

Upon examination of all the circumstances surrounding the discharge of the jury, it is not shown that the trial court exercised sound discretion in regard to the interests of appellant. Taking all the circumstances into account, there was no manifest necessity for the declaration of a mistrial as to appellant. Accordingly, the trial court's denial of the motion to dismiss must be

*Reversed.*

---

4. In *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) the Supreme Court held that the government must disclose to the defendant, upon request, evidence in its possession that is material and favorable to the accused.