McLEESE, Associate Judge,
concurring in part and dissenting in part.
I agree that the trial court did not abuse its discretion in admitting other-crimes evidence and witness-fear evidence. I therefore join Parts I, II, and III of the court’s opinion. I respectfully dissent from Part IV of the court’s opinion, in which the court concludes that trial court permissibly took ho steps to address an outburst outside of the courtroom during trial.
The trial transcript reflects that there was an interruption in the courtroom on the second day of trial. Defense counsel subsequently represented that a potential defense witness “in the back” had been screaming “there are people in this room. My life is in danger.” Defense counsel also represented that the potential witness had said that she felt threatened and that “there’s family here in this room.” According to defense counsel, the incident went on for so.me time and caused defense counsel to stop during the cross-examination of a witness. Defense counsel further represented that he could see the potential witness’s face through the courtroom door, that the jurors would also have been able to see the potential witness, and that some if not all of the jurors were looking in that direction. Expressing concern that the jurors might feel that someone had threatened the potential witness, defense counsel requested a mistrial.
The prosecutor opposed a mistrial, arguing that jurors would not have known who was screaming. The prosecutor also indicated that he had not heard as much of the outburst as defense counsel described, although the prosecutor acknowledged that he had heard a woman’s voice saying something about believing her life was in danger.
Describing the potential witness as having been loud, the trial court acknowledged having heard the potential witness say something about her life being in danger. The trial court further acknowledged that it did not know what the jurors might have seen or heard. No one suggested that the trial court conduct a voir dire of the jury or give a curative instruction, and the trial court did not take either step. Instead, the trial court denied the mistrial motion.
Outbursts such as the one in the present case “implicate[] a defendant’s Sixth Amendment right to an impartial jury.” Tann v. United States, 127 A.3d 400, 470 (D.C.2015). According to defense counsel’s representations, the jurors in this case likely heard, and may well have seen, a woman screaming right outside the courtroom door that her life was in danger and that “family” was in the courtroom. This is a murder ease, and the jury heard testimony that several, witnesses were afraid to testify. Ante at 64-67. Specifically, the day before the outburst at issue, one witness gave testimony indicating that he feared for his life. Almost immediately after the outburst, another witness implied that he was afraid for his family and described incidents in which Mr. Holmes had directed him to keep quiet. Given that testimony, it would be quite natural for the jurors to infer that the screaming woman was a terrified potential witness. We have repeatedly emphasized the highly prejudicial effect of emotional outbursts reflecting witness fear. See, e.g., Gordon v. United *71 States, 783 A.2d 575, 586, 590 (D.C.2001) (“[E]vidence concerning a witnesses] fear tends to be extremely prejudicial because it appeals to the passions of the jury and may cause the jury to base its decision on something other than the rule of law.”; reversing conviction,- because witness’s “highly emotional testimony that she feared for her life was erroneously admitted” and ‘‘the error was not harmless”).
In my view, the outburst in this case raised a “plausibl[e]” concern that the jurors had been exposed to extrinsic information that could affect the jury’s ability to be impartial. Tann, 127 A.3d at 470. Once such a concern arises, “it is the responsibility of the trial judge to hold a hearing” to address the concern. Id. At such a hearing, “it is the government’s burden to demonstrate that the jury’s contact with extraneous information was harmless or non-prejudicial.” Id. (brackets and internal quotation marks omitted). “The evidence of record must justify a high degree of confidence that the likelihood of juror partiality has been rebutted. Otherwise, the court is obliged to declare a mistrial or grant other adequate relief.” Id. (brackets, citation, and internal quotation marks omitted).
In this case, the trial court did nothing to assess or address the potentially prejudicial effect of the outburst. The trial court did not determine what the jurors heard and saw, did not inquire into whether the jurors’ ability to be impartial had been affected, and did not instruct the jury to disregard the outburst. Thus, the trial court did not fulfill its obligation to “declare a mistrial or grant other adequate relief.” Tann, 127 A.3d at 470 (internal quotation marks omitted). I have found no case from this jurisdiction in which a trial court took no steps at all in response to a comparable incident. To the contrary, in each such case that I have found, the trial court conducted an inquiry, gave a curative instruction, or did both. See, e.g., id. at 470-71 (trial court gave curative instruction after defendant’s outburst); Hallman v. United States, 410 A.2d 215, 217 (D.C.1979) (trial court gave curative instruction after spectator was sobbing and weeping during opening statement); Christian v. United States, 394 A.2d 1, 21-23 (D.C.1978) (trial court gave curative instruction- after outburst from testifying witness); Evans v. United States, 392 A.2d 1015, 1025-26 (D.C.1978) (trial court gave curative instruction after outburst from co-defendant); Hammond v. United States, 345 A.2d 140, 141-42 (D.C.1975) (trial court conducted voir dire and gave curative instruction after outburst by defendant and father outside courtroom); cf. Commonwealth v. Tribblett, 242 Pa.Super. 164, 363 A.2d 1212, 1214-15 (1976) (affirming conviction despite outburst in which spectator stood up and began screaming that defendant had threatened spectator’s life; trial court gave immediate curative instruction).
The court’s affirmance in this easé rests on four principal considerations. First, the court reasons that mistrials are disfavored, that the- trial court has broad discretion about whether a mistrial is required, and that the trial court also has broad discretion about how to handle concerns 'about jury taint. Ante at 67-68. Cases such as Tann, however, establish a limit on the scope of the trial court’s discretion. If a plausible concern about jury taint arises, the trial court must either grant a mistrial or take steps to ensure that the jury’s ability to be impartial has not been undermined. See, e.g., Tann, 127 A.3d at 470. By failing-to- meet this requirement, the trial court in the present case abused its discretion.
*72 Second, the court points out that it is unclear whether any juror either heard the potential witness’s screaming about fearing for her life or connected those screams to this cáse. Ante at 68-69. Given that the trial court, defense counsel, and the prosecutor all heard the potential witness’s screams and her reference to fearing for her life, there is little reason to doubt that one or more of the jurors did as well. More fundamentally, the court is placing the burden of uncertainty on the incorrect party. Defense counsel’s representations about the outburst raised a plausible concern about jury taint. Under our eases, the burden therefore was on the trial court or the prosecution to create a record demonstrating with a high degree of confidence that there was no basis for concern. No such record was created in this case. The trial court thus was required either to grant a mistrial or to take other steps, such as giving a curative instruction or conducting a voir dire of the jury, to ensure that the jury’s impartiality had not been undermined.
Third, the court accurately points out that defense counsel did not request a curative instruction or a voir dire of the jury. Ante at 69-70. Although such a request would certainly have been helpful, our cases foreclose the idea that the absence of such a request is fatal to Mr. Holmes’s claim. Rather, if a defendant seeks a mistrial based on a plausible concern about jury taint, the trial court must either grant the motion or otherwise adequately address the concern. Tann, 127 A.3d at 470. Defense counsel’s failure to request a curative instruction or voir dire of the jury does not eliminate the trial courts responsibility.
Fourth, the court relies heavily on Tann. Ante at 68-69. That reliance is misplaced. Rather than supporting affir-mance in this case, Tann requires reversal. I first note one factual correction. The court states that, as in Tann, the trial court in this case “observed firsthand the situation and the jury's reaction.” Ante at 69. To the contrary, it is unclear whether the trial court saw the potential witness as she was screaming outside the courtroom. Moreover, the record indicates that the trial court may not have heard everything the potential witness screamed and did not observe the jurors’ responses to the outburst. In fact, the trial court explicitly acknowledged that it did not know what the jurors might have seen or heard. A fact that we deemed “crucial” in Tann, 127 A.3d at 471, is thus missing in the present case. More fundamentally, Tann required the trial court in this case either to declare a mistrial or to take some other step to address the potential prejudice arising from the outburst. 127 A.3d at 470. We affirmed in Tann in significant part because the trial court properly followed that legal framework, by giving a curative instruction. Id. at 470-71. We presume that juries follow such instructions. See, e.g., McRoy v. United States, 106 A.3d 1051, 1061 (D.C.2015) (“[T]he court issued a clear curative instruction, which we presume the jury followed, absent evidence to the contrary.”). In Tann, the risk of jury taint was addressed in a way that we presume effective. In the present case, the trial court took no steps to address the risk of jury taint. Under the legal framework that we applied in Tann and that binds us here, reversal is required.
I would reverse and remand the case for further proceedings. I therefore respectfully dissent in part.