# United States Court of Appeals
## For the First Circuit

_____

No. 22-1121

UNITED STATES,

Appellee,

v.

GILBERT PEREZ,

Defendant - Appellant.

_____

Before

Barron, <u>Chief Judge</u>,
Howard, Kayatta, Gelpí, Montecalvo,
Rikelman, and Aframe, <u>Circuit Judges</u>.

_____

**ORDER OF COURT**

Entered: August 23, 2024

The petition for rehearing having been denied by the panel of judges who decided the case, and the petition for rehearing en banc having been submitted to the active judges of this court and a majority of the judges not having voted that the case be heard en banc, it is ordered that the petition for rehearing and the petition for rehearing en banc be <u>denied</u>.

**BARRON**, **<u>Chief Judge</u>**, **with whom KAYATTA, <u>Circuit Judge</u>, GELPÍ, <u>Circuit Judge</u>, MONTECALVO, <u>Circuit Judge</u>, RIKELMAN, <u>Circuit Judge</u>, and AFRAME, <u>Circuit Judge</u>, join, statement on denial of rehearing en banc**. Under binding Supreme Court precedent, the search incident to arrest exception to the Fourth Amendment categorically allows not only the seizure but also the warrantless search of the contents of certain physical containers that are "of the person" of the arrestee. <u>See</u> United States v. <u>Robinson</u>, 414 U.S. 218, 235-36 (1973) (crumpled cigarette package in a coat pocket); <u>Gustafson</u> v. <u>Florida</u>, 414 U.S. 260, 262, 266 (1973) ("cigarette box" in a coat pocket); <u>United States</u> v. <u>Edwards</u>, 415 U.S. 800, 804-05 (1974) (clothing). There remains great uncertainty, however, about the kinds of containers that are subject to that categorical rule.

In <u>United States</u> v. <u>Eatherton</u>, this court acknowledged the uncertainty but held that the categorical rule applies to a briefcase held by an arrestee because distinctions between a briefcase in hand and a cigarette container in a pocket were too "gossamer" to justify drawing a line. 519

F.2d 603, 610 (1st Cir. 1975).  This petition for rehearing en banc asks us to reconsider that nearly half-century-old precedent in the context of a backpack that the arrestee was wearing at the time of his arrest.

In denying the petition, our Court decides not to do so, at least in the context of this specific case.  But cases that ask courts to decide whether Robinson's categorical rule applies to containers that implicate arguably more substantial privacy interests than the cigarette pack in Robinson are numerous.  We no doubt have not seen the last of our share of them.

The Supreme Court, however, has offered scant guidance about the types of items to which Robinson's categorical rule applies since it first announced the rule shortly before Eatherton was decided.  Indeed, Robinson itself said very little about why the item there could not only be seized but also warrantlessly searched even after it had been secured by law enforcement and the arrestee likely no longer could have grabbed it, see 414 U.S. at 235-36; see also Riley v. California, 573 U.S. 373, 387 (2014) ("Once an officer gained control of the pack, it was unlikely that Robinson could have accessed the pack's contents.").  Moreover, in Gustafson the defendant did not challenge the search based on its having occurred only after he had been put in the back of the squad car, see 414 U.S. at 262 n.2, 263-66.  And Edwards justified the search of the clothing seized from the arrestee in that case by relying at least in part on the authority to search incident to detention, 415 U.S. at 804 & n.6, though the Court also noted that "[seizing and searching Edward's clothes at the jailhouse] was and is a normal incident of a custodial arrest" because "the normal processes incident to arrest and custody had not been completed when Edwards was placed in his cell," id. at 804, 805.

Against this backdrop, lower courts have adopted disparate approaches to how Robinson's categorical rule applies to physical items other than cigarette packs.  Some have suggested that the rule applies to any item in "the arrestee's actual and exclusive possession."  E.g., Commonwealth v. Bembury, 677 S.W.3d 385, 406 (Ky. 2023) (applying Robinson to warrantless search of backpack).  Others have taken a more nuanced approach.  See United States v. Knapp, 917 F.3d 1161, 1166-68 (10th Cir. 2019) (declining to apply Robinson to warrantless searches of "visible, handheld containers such as purses" that are "easily dispossessed").  There also is our contribution, Eatherton, which adopts a categorical rule at least to items comparable to a briefcase.  519 F.2d at 610.  The concrete results, too, have varied, with identical items being deemed subject to Robinson's categorical rule by some courts but not subject to it by others.  Compare United States v. Lee, 501 F.2d 890, 892 (D.C. Cir. 1974) (upholding warrantless search of purse under Robinson without further discussion), with Knapp, 917 F.3d at 1168 (holding warrantless search of purse fell outside of the Robinson rule and was unlawful); and compare Bembury, 677 S.W.3d at 406 (upholding warrantless search of backpack under Robinson), with United States v. Davis, 997 F.3d 191, 198 (4th Cir. 2021) (holding warrantless search of backpack fell outside of the Robinson rule and was unlawful); see also United States v. Perez, 89 F.4th 247, 264-66 (1st Cir. 2023) (Montecalvo, J., dissenting) (cataloguing the "mixed results" in lower courts that have addressed warrantless searches of items held or carried by an arrestee).

The Supreme Court last addressed the question of how far Robinson's categorical rule extends over a decade ago in Riley.  But that case concerned a rather special circumstance: whether the data in cell phones were subject to the rule.  See 573 U.S. at 385-86.

Riley did make clear that the categorical rule does not apply to such data. Id. at 386. It did not have occasion, however, to clarify how the rule should be applied in the context of physical objects. Riley noted that Arizona v. Gant, 556 U.S. 332 (2009), pulled back on the search incident to arrest exception in the context of one physical item -- an automobile. 573 U.S. at 384-85. But, of course, an automobile is not itself an item "of the person" of the arrestee. And while Riley appeared to suggest that Robinson does not extend to a container as big as the 200-pound footlocker that was involved in United States v. Chadwick, 433 U.S. 1 (1977), see Riley, 573 U.S. at 393-94, Riley also noted that Robinson had been held by lower courts to extend to, respectively, a billfold and address book, a wallet, and a purse without stating one way or the other whether each of those holdings was correct. See id. at 392-93. The Riley Court merely assumed each holding was correct for purposes of its analysis of the question concerning cellphone data that was at issue there. Id.

A Fourth Amendment issue as basic as this one -- concerning as it does when the things that people commonly carry may be warrantlessly searched incident to an arrest -- seems especially poorly suited to circuit-by-circuit and state-by-state resolution. Yet, for more than fifty years, that has been how this issue has been decided, with no consensus yet emerging. Although the question addressed in Riley concerning cellphone data was a novel and important one, there is no shortage of more workaday questions about the reach of Robinson's categorical rule that would benefit from similar consideration. We thus urge the Supreme Court, having held many decades ago that the container at issue in Robinson was subject to the categorical rule, to consider Robinson's applicability to those questions. A ruling by the Supreme Court that addressed the search incident to arrest exception and Robinson in the more mundane context of wallets, purses, briefcases, backpacks, or other commonly carried containers would do much to help bring about a measure of uniformity to an area of law that has long been lacking it.

By the Court:

Maria R. Hamilton, Clerk

cc:
Donald E. Clark
Benjamin M. Block
Nicholas M. Scott
Brian Scott Kleinbord
Jamesa J. Drake
Gilbert Perez