690 A.2d 603

STATE OF NEW JERSEY v. JOHN MARTINI, SR.

February 5, 1997.

## ORDER

The Office of the Public Defender, in support of its pending application for post-conviction relief, having claimed that the omission of certain mitigating evidence at the penalty phase of defendant's capital trial resulted in the unjust imposition of a sentence of death, that said evidence was not obtained or produced by either defense counsel or the State, and that these omissions constituted ineffective assistance of counsel and otherwise violated defendant's constitutional rights;

And defendant, by independent counsel, having opposed the claims of the Public Defender;

And the trial court, after an *in camera* inspection of the evidence, having, on November 13, 1996, determined that defendant has an interest in maintaining confidentiality in respect of the challenged evidence;

And the trial court on that basis having denied the motion of the Public Defender to introduce the evidence in support of the application for post-conviction relief;

And the Public Defender having sought leave to appeal the trial court's interlocutory order, and this Court having reviewed the record and written arguments of counsel;

And good cause appearing;

It is hereby ORDERED that the Public Defender's motion for leave to appeal is granted, the order of the trial court is vacated, and the matter is remanded to that court for further proceedings consistent with this Order; and it is further

ORDERED that the trial court in making its final determination on the pending application for post-conviction relief shall reconsider the issue of the omission of mitigating evidence from defendant's penalty-phase trial; shall hear any further evidence

and arguments from the parties; and shall make detailed factual and legal conclusions that may clarify, amplify, supplement, or supersede its decision and interlocutory order that are the basis of this appeal; and it is further

ORDERED that the trial court's determination shall address the following issues:

1. Whether the evidence was mitigating;

2. If the evidence was mitigating, whether defense counsel's failure to obtain the evidence constituted ineffective assistance of counsel or whether the omission of the evidence constituted a manifest injustice and a violation of defendant's constitutional rights, entitling defendant to post-conviction relief;

3. If defendant is entitled to post-conviction relief because of the failure to obtain or the omission of the evidence, whether defendant has an interest in preserving the confidentiality of the evidence;

4. If defendant has such a confidentiality interest, whether that interest can be protected in a penalty-phase proceeding by imposing conditions on the admission of the evidence, such as *in camera* proceedings, redaction of information, or the presentation of the evidence through summarization or paraphrasing in a form that will eliminate the concerns for confidentiality; and

5. If the evidence can be used subject to such conditions, whether the failure to use the evidence at the penalty-phase proceeding of defendant constitutes ineffective assistance of counsel or a manifest injustice and a violation of defendant's constitutional rights, entitling defendant to post-conviction relief; and it is further

ORDERED that the hearing on remand shall be conducted *in camera*, with the State and defendant being provided with all of the evidence at issue prior to the hearing, subject to its absolute confidentiality and strict non-disclosure; and it is further

ORDERED that the evidence itself and any references to that evidence in any motions, applications, or briefs submitted to the trial court or to this Court, in the transcripts of the proceedings, and in the decision of the trial court shall be kept under seal.

Chief Justice PORITZ and Justices HANDLER, POLLOCK, O'HERN, and STEIN join in the Court's Order.

Justices GARIBALDI and COLEMAN would grant leave to appeal and summarily affirm the Law Division's order.