901 A.2d 941

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. JOHN MARTINI, SR., DEFENDANT–APPELLANT.

Argued March 21, 2006—Decided July 25, 2006.

*Stephen W. Kirsch,* Assistant Deputy Public Defender, argued the cause for appellant (*Yvonne Smith Segars,* Public Defender, attorney).

*Catherine A. Foddai,* Assistant Prosecutor, argued the cause for respondent (*John L. Molinelli,* Bergen County Prosecutor, attorney).

Justice WALLACE, JR., delivered the opinion of the Court.

Defendant John Martini, Sr., appeals from the denial of his third petition for post-conviction relief. He claims that the trial court erred in instructing the penalty phase jury that, to the extent possible, it should attempt to "reach agreement" on the existence of the mitigating factors, and that his appellate counsel was ineffective for failing to raise that issue on direct appeal. We affirm the judgment denying relief.

## I.

Defendant was convicted of the 1989 kidnapping and murder of Irving Flax. The facts of this case are set forth in detail in this Court's decision in *State v. Martini,* 131 *N.J.* 176, 191–207, 619 *A.*2d 1208 (1993) (*Martini I* ), *overruled in part by State v. Fortin,* 178 *N.J.* 540, 646–47, 843 *A.*2d 974 (2004). Suffice it to say, the State presented evidence to prove that defendant and Therese Afdahl kidnapped the victim and demanded ransom money. After the money was paid, defendant shot the victim three times in the back of the head.

The jury found defendant guilty. During the penalty phase, defendant urged the jury to find the following mitigating factors: (1) the influence of extreme mental or emotional disturbance insufficient to constitute a defense to prosecution (e.g., mid-life dysthymia/crisis factor), *N.J.S.A.* 2C:11–3c(5)(a); (2) the advanced age of defendant, *N.J.S.A.* 2C:11–3c(5)(c); (3) defendant's capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law was significantly impaired as the result of mental disease or defect or intoxication, but not to a degree sufficient to constitute a defense to prosecution (e.g., drug addiction factor), *N.J.S.A.* 2C:11–3c(5)(d); and (4) any other factor that is relevant to defendant's character or background or to the circumstances of the offense (e.g., catch-all factor), *N.J.S.A.* 2C:11–3c(5)(h). The jury rejected defendant's mental disturbance and diminished capacity mitigating factors by a vote of twelve to zero (12–0) and split six to six (6–6) on finding the age and catch-all mitigating factors. As a result of the jury finding unanimously that the aggravating factors of murder in the course of kidnapping and murder to escape detection outweighed the mitigating factors beyond a reasonable doubt, the trial court sentenced defendant to death.

This Court affirmed defendant's conviction and death sentence on direct appeal, *Martini I, supra,* 131 *N.J.* at 324, 619 *A.*2d 1208, and on proportionality review, *State v. Martini,* 139 *N.J.* 3, 81, 651 *A.*2d 949 (1994) (*Martini II*). On October 2, 1995, the United States Supreme Court denied Martini's petition for certiorari. *Martini v. New Jersey,* 516 *U.S.* 875, 116 *S.Ct.* 203, 133 *L.Ed.*2d 137 (1995). Thereafter, the Law Division issued a warrant scheduling defendant's execution for November 15, 1995.

On October 30, 1995, over defendant's objection, the Public Defender applied to the Law Division for permission to pursue post-conviction relief, or for an evidentiary hearing on defendant's competency, and for a stay of execution pending either proceeding. The trial court granted the stay of execution pending the resolution of the petition, appointed independent counsel to represent

defendant, and appointed a psychiatrist to examine defendant to determine his competence to waive post-conviction proceedings. Following a competency hearing, the trial court found that defendant was competent to waive post-conviction proceedings and that the Public Defender could not seek such relief on defendant's behalf over his objection. The stay of execution was continued pending review by this Court.

On June 28, 1996, this Court reversed and remanded for a hearing. *State v. Martini*, 144 *N.J.* 603, 618, 677 *A.*2d 1106 (1996) (*Martini III*), *cert. denied*, 519 *U.S.* 1063, 117 *S.Ct.* 699, 136 *L.Ed.*2d 621 (1997). The Court subsequently directed the trial court to consider the mitigating evidence set forth in the petition. *State v. Martini*, 148 *N.J.* 453, 453–54, 690 *A.*2d 603 (1997) (*Martini IV*). On remand, the trial court rejected defense counsel's claims and denied relief. This Court affirmed on July 27, 1999. *State v. Martini*, 160 *N.J.* 248, 255, 734 *A.*2d 257 (1999) (*Martini V*).

Defendant filed a second post-conviction relief petition raising a *Ring v. Arizona*, 536 *U.S.* 584, 122 *S.Ct.* 2428, 153 *L.Ed.*2d 556 (2002), violation because the aggravating factors were not included in the indictment and presented to the grand jury. The trial court denied the motion and defendant appealed. On March 30, 2004, this Court granted the State's motion for summary disposition of defendant's appeal based on *Fortin, supra*, 178 *N.J.* at 540, 843 *A.*2d 974. *State v. Martini*, 179 *N.J.* 306, 306, 845 *A.*2d 132 (*Martini VI*), *cert. denied*, 543 *U.S.* 850, 125 *S.Ct.* 295, 160 *L.Ed.*2d 82 (2004). Defendant's federal habeas appeal also was denied. *Martini v. Hendricks*, 188 *F.Supp.*2d 505, 507 (D.N.J. 2002), *aff'd*, 348 *F.*3d 360 (3d Cir.2003), *cert. denied*, 543 *U.S.* 1025, 125 *S.Ct.* 662, 160 *L.Ed.*2d 503 (2004).

Defendant filed this third post-conviction relief petition in November 2004, asserting (1) that the trial court denied him his rights to a fair trial, to due process, and not to be subject to cruel and unusual punishment by instructing the penalty phase jury that it should attempt to reach agreement in finding mitigating factors

and thereby suggesting to the jury that unanimity regarding the existence of mitigating factors was preferred; and (2) that counsel's failure to raise that claim in defendant's direct appeal constituted ineffective assistance of counsel and a denial of due process.

Following argument on February 8, 2005, the trial court found that defendant's petition was not time-barred by the five-year period of *Rule* 3:22–12 because defendant raised a constitutional claim. After discussing the merits of the petition, the trial court reviewed the charge in its entirety and concluded that the jury understood that it did not have to be unanimous in finding any mitigating factor and that appellate counsel was not ineffective for failing to raise that issue. The court also found that because defendant's arguments could have been raised in a prior proceeding, the petition should be dismissed.

Defendant filed his notice of appeal with this Court on March 22, 2005. On December 12, 2005, the State moved for an order summarily affirming the denial of defendant's third petition. We hereby deny the State's motion and address defendant's arguments.

## II.

### A.

As he did before the trial court, defendant argues that he should be granted a new penalty phase trial because the trial court incorrectly instructed the jurors that they should try to agree unanimously on the existence of mitigating factors, thereby leading a reasonable juror to believe that the preferred verdict for finding a mitigating factor was a unanimous one. Defendant contends that erroneous statement of law contributed to the unanimous rejection of two mitigating factors and tainted the ultimate verdict. Defendant acknowledges that the jurors who deliberated in his penalty phase trial knew they could disagree on the mitigating factors and did so on two of the four. But he contends that the "unanimity is better" instruction violated his

federal and state rights to due process and to a fair trial and implicated the prohibition against cruel and unusual punishment because it expressed a preferred verdict on the mitigating factors. He urges that because the "individualized consideration of mitigating evidence ... is at the core of the constitutional protections given a capital defendant," the "unanimity is better" instruction was erroneous. Defendant argues that the Court's holding in *State v. Hunt,* 115 *N.J.* 330, 383, 558 *A.*2d 1259 (1989), that "trial courts should not charge juries in the penalty phase on the importance of reaching a unanimous verdict," supports his argument.

Defendant challenges the trial court's ruling that even if the instruction was incorrect, it was as "tolerable" as the jury instruction in *State v. Loftin,* 146 *N.J.* 295, 680 *A.*2d 677 (1996), and *State v. Cooper,* 151 *N.J.* 326, 700 *A.*2d 306 (1997), *cert. denied,* 528 *U.S.* 1084, 120 *S.Ct.* 809, 145 *L.Ed.*2d 681 (2000). In those cases, this Court held that "when the isolated remark [in the charge] is viewed in the context of the charge as a whole, it is clear that there was no error." *Id.* at 399, 700 *A.*2d 306 (alteration in original) (citing *Loftin, supra,* 146 *N.J.* at 376, 680 *A.*2d 677). Defendant argues that *Loftin* and *Cooper* were wrongly decided because the Court misconstrued the defendants' argument that the incorrect jury instruction tells the jury that it is better to reach agreement on the finding of the mitigating factors, "an error that no number of mentions of the lack of a *requirement* of unanimity will cure or negate."

Alternatively, defendant contends that if *Loftin* and *Cooper* are upheld, this case is different because the trial court also incorrectly instructed jurors that unanimity was required for finding any mitigating factor. Thus, defendant claims that a critical aspect of the *Cooper* and *Loftin* holdings is missing here, namely, that the rest of the instructions correctly informed the jury that unanimity was not required for finding mitigating factors.

Defendant also urges that the failure of his appellate counsel to raise the jury-charge issue on direct appeal constitutes ineffective

assistance of counsel and a denial of due process. Finally, defendant argues that the trial court erred in dismissing his petition as procedurally barred by *Rule* 3:22–4 for failure to raise the claim in a prior proceeding. He asserts that he meets two of the statutory exceptions to that bar because he raises constitutional claims and an error which, if not corrected, would result in a fundamental injustice.

### B.

The State counters that "neither the federal nor state constitution is violated by a suggestion that deliberating jurors try to reach unanimity on mitigating factors so long as the jurors understand that unanimity is a goal and not a mandate." The State further asserts that the verdict sheet and the trial court correctly instructed the jury on the lack of a unanimity requirement for finding any mitigating factor.

The State argues that *Mills v. Maryland,* 486 *U.S.* 367, 373–75, 108 *S.Ct.* 1860, 1865–66, 100 *L.Ed.*2d 384, 393–94 (1988), only prohibits an instruction that requires unanimity for finding mitigating factors and does not forbid an instruction that the penalty phase jurors try to achieve unanimity on the mitigating factors. Therefore, urging jurors to try to reach unanimity, while making clear that unanimity is not required, "neither overtly nor subtly conveys that non-unanimity is bad." The State claims that no juror who heard all of the instructions and viewed the verdict sheet could have believed that unanimity was preferred over non-unanimity on the mitigating factors. The State also notes that the jury charge challenged by defendant is still included in the *Judges Bench Manual for Capital Causes.* Trial Judges Committee on Capital Causes, *Judges Bench Manual for Capital Causes,* at J–45 (2005).

Additionally, the State argues that defendant's claim that his case is distinguishable from *Loftin* and *Cooper* is without merit because when the trial court incorrectly instructed the jury that it had to find the mitigating factors unanimously, defense counsel

raised an objection and the trial court corrected the misstatement. The State adds that because the jury charge on the mitigating factors was not improper, defendant's appellate counsel could not have been ineffective for failing to raise it as error. The State also asserts that defendant's petition is procedurally barred by *Rule* 3:22–4 because "the purported constitutional error was manifest in the record." [1]

## III.

We cannot "overstate the importance of [correct] jury instructions." *State v. Reddish,* 181 *N.J.* 553, 613, 859 *A.*2d 1173 (2004). "[C]lear and correct jury instructions are essential for a fair trial" because the jury charge "is a road map to guide the jury, and without an appropriate charge a jury can take a wrong turn in its deliberations." *State v. Koskovich,* 168 *N.J.* 448, 507–08, 776 *A.*2d 144 (2001) (citations and quotations omitted). The necessity for appropriate jury instructions is "even more crucial in a capital case because of the jury's responsibility to decide whether a defendant shall live or die." *State v. Bey (II),* 112 *N.J.* 123, 162, 548 *A.*2d 887 (1988).

In determining the propriety of a jury charge, we will "examine the charge as a whole and will attempt to determine whether the challenged language was prejudicial." *Loftin, supra,* 146 *N.J.* at 374, 680 *A.*2d 677. In making that examination, we "must assume that the jury followed the instructions delivered by the trial court." *State v. Marshall,* 173 *N.J.* 343, 355, 801 *A.*2d 1142 (2002).

■ With those principles in mind, we turn to defendant's assertion that the trial court committed reversible error by instructing the jury that it should attempt to reach unanimity in

---

[1] The State asserts that defendant's petition is time-barred under *Rule* 3:22–12. Given the Court's disposition affirming on the merits, we need not address this alternative argument to resolve the appeal.

finding mitigating factors. Specifically, the trial court instructed the jury that

> [t]he evidence relating to mitigating factors should be fully discussed by the jury. *To the extent reasonably possible you should, by reason, attempt to reach agreement on the question whether a particular mitigating factor does or does not exist.* However, the law does not require that you agree unanimously with respect to the finding of a mitigating factor.
>
> Furthermore each juror must individually determine whether or not each mitigating factor exists, and each juror must individually decide whether the aggravating factor or factors unanimously found outweigh beyond a reasonable doubt the mitigating factor or factors that the jurors or a single juror has found to be present.
>
> If after a full discussion you find that you are not unanimous on the existence or non existence of a mitigating factor, you'll record your last vote on that question on the verdict form in boxes, the number of yes or no votes.
>
> However, remember that whether a mitigating factor exists is not decided by a majority vote. Even if one juror finds a mitigating factor which in that juror's mind is not outweighed by a reasonable doubt by the aggravating factor or factors, then the jury may not sentence the defendant to death.
>
> [ (Emphasis added).]

"[E]ach juror must individually determine the existence of mitigating factors." *Bey (II), supra,* 112 *N.J.* at 161, 548 *A.*2d 887. Stated differently, the trial court may not instruct the jury that it must be unanimous in finding mitigating factors. *See Mills, supra,* 486 *U.S.* at 384, 108 *S.Ct.* at 1870, 100 *L.Ed.*2d at 400; *Hunt, supra,* 115 *N.J.* at 382–85, 558 *A.*2d 1259. Considering the trial court's instruction in its entirety, we are satisfied that the instruction properly conveyed to the jury that each juror must individually determine whether a mitigating factor exists. Indeed, the trial court made it clear that the jury need not be unanimous with respect to finding a mitigating factor.

We addressed similar arguments in *Loftin, supra,* 146 *N.J.* at 375–76, 680 *A.*2d 677, and in *Cooper, supra,* 151 *N.J.* at 397–99, 700 *A.*2d 306. In *Loftin, supra,* the defendant argued that the instruction "conveyed an impression that unanimity was preferred, and thus some jurors who might initially have been inclined to apply one of the mitigating factors may have changed their minds in an attempt to reach the improper goal of unanimity." 146 *N.J.* at 375, 680 *A.*2d 677. We recognized that "[v]iewed in isolation,

the single remark ... might suggest that the preferred result is a unanimous conclusion concerning the existence or non-existence of a mitigating factor," *id.* at 375–76, 680 *A.*2d 677, but that "when the isolated remark is viewed in the context of the charge as a whole, it is clear that there was no error," *id.* at 376, 680 *A.*2d 677. We found strong evidence that there was no confusion among the jurors about their ability to be non-unanimous regarding mitigating factors, as evidenced by the trial court having instructed jurors at least five times that unanimity was not required and the jury having returned non-unanimous verdicts on nineteen of the thirty-one mitigating factors. *Ibid.*

In *Cooper, supra,* the defendant objected to a charge essentially identical to the one in this case. 151 *N.J.* at 398, 700 *A.*2d 306. We concluded that the potentially coercive charge was cured by the trial court's repeated statements to the jury that it did not have to be unanimous and was negated by the jury's non-unanimous findings on some of the mitigating factors. *Id.* at 399, 700 *A.*2d 306.

■ In the present case, just as in *Loftin* and *Cooper,* despite stating that the jury should attempt to achieve unanimity if possible, the trial court on several occasions instructed that unanimity was not required for finding mitigating factors. The court stated that unanimity is not required on mitigating factors twice, that the finding of a mitigating factor is an individual determination five times, and that "whether a mitigating factor exists is not decided by a majority vote" once. Moreover, it is not disputed that the jury reached a non-unanimous verdict on two of the four mitigating factors submitted.

Defendant argues that his case is distinguishable from *Loftin* and *Cooper* because in this case, the trial court also mistakenly instructed the jury it must be unanimous in finding any mitigating factor. In explaining the verdict sheet, the trial court told the jury that

if you turn to the verdict sheet as I indicated, the first function that you must determine or that you'll perform is you will discuss the evidence and determine

whether one or more of the aggravating factors set forth in number one exist beyond a reasonable doubt.

You'll record the number of no and yes votes. And, as it indicates, and *as I've told you, if you do not find the existence of any mitigating factor beyond a reasonable doubt, which must be a unanimous finding, then you do not go further.*

If you find one or more of the aggravating factors in number one, either (a) or (b) or both, beyond a reasonable doubt, then you will go on to consider the mitigating factors.

[ (Emphasis added).]

Defense counsel objected to that portion of the charge, noting that the court mistakenly said mitigating factor instead of aggravating factor. Without hesitation, the trial court corrected the misstatement, explaining:

I'm sorry. I think I've made it clear to this jury that you must find the aggravating factors present unanimously beyond a reasonable doubt. Mitigating factor [sic] doesn't require the burden of proof. It doesn't require beyond a reasonable doubt. Requires only one juror to find a mitigating factor and you're bound to weigh that and you have to weigh it.

All right. Clear enough?

Defense counsel replied "Yes, your Honor."

Thus, defense counsel properly brought to the court's attention a misstatement in the charge, and the trial court immediately corrected it. In short, we reject defendant's attempt to distinguish *Loftin* and *Cooper* and conclude that the challenged language was not prejudicial.

## IV.

Defendant argues that his appellate counsel was ineffective for failing to challenge the jury instruction and that this denied him due process. Because we find the jury charge, when viewed in its entirety, fairly conveyed to the jury that unanimity was not required for a juror to find a mitigating factor, appellate counsel could not have been ineffective for failing to raise that claim. *See State v. Worlock*, 117 *N.J.* 596, 625, 569 *A.*2d 1314 (1990).

## V.

We also must address defendant's contention that the trial court erred in dismissing his petition based on *Rule* 3:22–4 because he failed to raise the issues on direct appeal. Defendant contends that he met two of the statutory exceptions for relief: denial of his jury-charge claim would result in a fundamental injustice, *R.* 3:22–4(b), and he asserted constitutional claims, namely a jury-charge error and ineffective assistance of counsel, *R.* 3:22–4(c).

The State urges that we affirm the dismissal of defendant's petition because defendant's jury-charge argument could have been raised in a prior proceeding and is therefore barred under *Rule* 3:22–4. That *Rule* provides that

[a]ny ground for relief not raised in a prior proceeding ... is barred from assertion in a proceeding ... unless the court ... finds (a) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or (b) that enforcement of the bar would result in fundamental injustice; or (c) that denial of relief would be contrary to the Constitution of the United States or the State of New Jersey.

[*Ibid.*]

Our procedural rules seek to achieve "the important state goals of finality and judicial economy." *State v. Preciose,* 129 *N.J.* 451, 474, 609 *A.*2d 1280 (1992). Even so, we must strike "a balance between the competing interests of finality of judgments and fundamental fairness," *Marshall, supra,* 173 *N.J.* at 354, 801 *A.*2d 1142, and "we generally have declined to read the exceptions to *Rule* 3:22–4 narrowly," *Preciose, supra,* 129 *N.J.* at 476, 609 *A.*2d 1280.

Although there is no bright-line test to determine when a court should apply the fundamental-injustice exception, we have declared that

[i]n defining fundamental injustice, the courts will look to whether the judicial system has provided the defendant with fair proceedings leading to a just outcome. "Fundamental injustice" will be found if the prosecution or the judiciary abused the process under which the defendant was convicted or, absent conscious abuse, if inadvertent errors mistakenly impacted a determination of guilt or otherwise "wrought a miscarriage of justice for the individual defendant." The standard goes beyond constitutional infringements to any circumstances deemed "unjust." Although a petitioner would not have to prove that the issue of concern cost him the

case, "to establish injustice there should at least be some showing that * * * [the alleged violation] played a role in the determination of guilt. * * * To conclude otherwise would exalt form over substance."

[*State v. Mitchell,* 126 *N.J.* 565, 587, 601 *A.*2d 198 (1992) (alterations in original) (citations omitted).]

In any event, defendant bears the burden to "allege specific facts, which, if believed, would demonstrate the likelihood of injustice by a preponderance of the evidence." *Id.* at 589, 609 *A.*2d 1280.

■ Here, defendant argues that the jury instructions influenced the jurors to reach unanimous agreement on the mitigating factors and that the charge potentially tainted the ultimate verdict. Although a review of the entire charge causes us to disagree with defendant's assertions, defendant has pointed to a flaw in our model jury charge that must be corrected. Under these circumstances, we find "that enforcement of the bar [against considering issues that were not raised in a prior proceeding] would result in fundamental injustice." *Rule* 3:22-4. Therefore, we address the merits of defendant's claim and do not apply the procedural bar of the *Rule.*

## VI.

■ By this opinion, we are directing the Trial Judges Committee on Capital Causes to eliminate that portion of the charge on mitigating factors that instructs the jury to "attempt to reach agreement on the question whether a particular mitigating factor does or does not exist." Trial Judges Committee on Capital Causes, *supra,* at J-45. Until then, trial courts are directed to exclude that reference in their jury charges.

## VII.

The judgment of the trial court denying defendant's post-conviction relief petition is affirmed.

LONG, J., Dissenting.

I agree with the majority that the jury instruction given in this case was fundamentally flawed insofar as it stated that:

> To the extent reasonably possible you should, by reason, attempt to reach agreement on the question whether a particular mitigating factor does or does not exist.

That language that urges consensus on mitigating factors is plainly wrong and, as the majority has properly concluded, should be eliminated from the charge and should not be used by trial judges in death penalty cases. I part company from my colleagues in connection with their concomitant conclusion that the improper and misleading instruction did not enure to defendant's detriment.

In reaching its determination, the majority holds, as it did in *State v. Loftin*, 146 *N.J.* 295, 680 *A.*2d 677 (1996), and *State v. Cooper*, 151 *N.J.* 326, 700 *A.*2d 306 (1997), *cert. denied*, 528 *U.S.* 1084, 120 *S.Ct.* 809, 145 *L.Ed.*2d 681 (2000), that the jurors in this case were not confused regarding their ability to be non-unanimous in the finding of the mitigating factors. In support, the majority references the judge's repeated instruction that unanimity is not required. In my view, that begs the question. Defendant's claim is not that he was prejudiced by a jury charge that expressed a unanimity requirement, but by an instruction that indicated to jurors that agreement regarding mitigating factors was "preferred."

Indeed, agreement is not preferred, and no such preference should be conveyed to the jury. The deliberative process in a death penalty case requires an individual finding on the mitigating factors and an individual weighing of those mitigating factors against the aggravating factors. *State v. Bey (II)*, 112 *N.J.* 123, 161, 548 *A.*2d 887 (1988). When the process is understood as an individualized one, in which a single juror can make the difference between life and death, the danger of a "preference for consensus" instruction is obvious. Merely advising the jury that unanimity is

not required, does nothing to negate the vice of the preference charge.

Importantly, the jury's vote of twelve to zero (12–0) on two of the factors and six to six (6–6) on the other two factors underscores the possibility, not present in *Loftin* or *Cooper*, that the jurors did, in fact, feel compelled to try to agree. Of the thirty-one mitigating factors in *Loftin*, seven were found by only one juror and five by only two jurors. Similarly, in *Cooper*, one or two jurors were not deterred from voting against their peers on the mitigating factors; four mitigating factors were found by two jurors and two by three jurors. When compared with *Loftin* and *Cooper*, the significance of the votes in this case is not that there were two non-unanimous votes, as the majority concludes, but that the votes were either unanimous or evenly split, suggesting the real possibility that the jurors were under pressure to agree. The monolithic and bilithic votes in this case thus do not give me the confidence that the Court had in *Loftin* and *Cooper* that individual jurors understood that agreement is no more favored than isolation where mitigating factors are concerned.

The enhanced reliability required for a death sentence mandates that there "be little chance that the jury as a whole, or even an individual juror, is confused about the process." *State v. Koskovich*, 168 *N.J.* 448, 526, 776 *A.*2d 144 (2001). Here, it is likely that the jurors were improperly influenced toward consensus on mitigating factors and understood such consensus to be preferred over a non-unanimous verdict. That, in turn, may have dissuaded a single juror from standing alone in finding a particular mitigating factor. At the very least, a juror would be less likely to do so under the instruction as given. That is not a tolerable outcome. Therefore, I dissent.

*For affirmance*—Chief Justice PORITZ and Justices LaVECCHIA, ZAZZALI, ALBIN, WALLACE and RIVERA-SOTO—6.

*For reversal*—Justice LONG—1.