48 A.3d 1159

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. ANTHONY MONTGOMERY, A/K/A ANTHONY ELEREE MONTGOMERY, ANTHONY MORGAN, NAUGHTY TONY AND SUPREME, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 30, 2012—Decided August 10, 2012.

Before Judges PAYNE, REISNER and SIMONELLI.

*Joseph E. Krakora,* Public Defender, attorney for appellant (*William Welaj,* Designated Counsel, on the brief).

*Peter E. Warshaw, Jr.,* Monmouth County Prosecutor, attorney for respondent (*Barbara N. Suppa,* Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

SIMONELLI, J.A.D.

This case presents the novel issue of whether a defendant is entitled to a mistrial or new trial based on misconduct in the jury's presence. We hold that a defendant cannot engage in courtroom misconduct and then expect to be rewarded with a mistrial or new trial for his or her egregious behavior where the trial judge took appropriate cautionary measures to ensure a fair trial. We,

therefore, affirm defendant's conviction by a jury for first-degree carjacking and numerous associated offenses. We also affirm his extended-term sentence of life imprisonment without the possibility of parole, although we reverse certain additional aspects of his sentence, and remand for entry of a corrected judgment of conviction.

[At the request of the Appellate Division, only the following portion of the opinion is to be published. The discussion regarding the court's disposition of the other issues raised in the appeal is omitted.]

We derive the following facts from the trial record. On May 1, 2008, defendant engaged in a lengthy high-speed chase with police officers from the Tinton Falls Police Department. During the chase, defendant committed several motor vehicle violations, broadsided a vehicle operated by T.A., causing her to hit the entire left side of her body and her head on the inside of her car, crashed his car into the woods, tried to escape by carjacking a good Samaritan's car, resisted arrest, assaulted a police officer and a police canine, and attempted to disarm an officer. Following defendant's arrest, the police found a magazine containing nine millimeter hollow point bullets in defendant's car, and a nine millimeter handgun in close proximity to his car. In addition to several eyewitnesses, including the police involved in the chase, there were videotapes of the incident taken from several police vehicles, which were admitted into evidence and played to the jury.

## I.

At the conclusion of the State's case and in the jury's presence, defendant assaulted defense counsel, fought with sheriff's officers, attempted to escape from the courtroom, and was subdued by the sheriff's officers. The trial judge immediately removed the jury from the courtroom following the outburst.

Defense counsel moved for a mistrial. Noting that there was no New Jersey authority directly on point, the judge relied on out-of-state cases mentioned in 89 *A.L.R.*3d 960, "Disruptive Conduct of

Accused in Presence of Jury as Ground for Mistrial or Discharge of Jury" (1979), which held that a defendant was not entitled to, and should not be rewarded with, a mistrial due to his misconduct in the courtroom. The judge denied the motion, concluding that defendant's conduct was calculated to disrupt and delay the matter. The judge stated that

▇ I were to grant [defendant] a mistrial and in a sense, give him what he wish[ed], a delay, then he would be benefiting from what is clearly [abhorrent] conduct in a sense, declaring that anytime someone . . . did not like the way the trial is going, they can take a swing at their attorney and get a redo.

Following the jury's return to the courtroom, the judge gave a cautionary instruction that the jury must disregard the incident when deliberating and base the verdict solely on the evidence presented in the courtroom. All jurors acknowledged that they understood the instruction and could comply with it. The judge similarly charged the jury in his final instructions.

Represented by new counsel, defendant moved for a new trial, arguing that the judge should have granted a mistrial because it was impossible for the jurors to be fair and impartial after witnessing the incident, the judge's instructions were inadequate to overcome the prejudice to defendant, and defendant's conduct resulted from stress caused by his alleged pre-trial inability to adequately consult defense counsel and review all discovery. The judge denied the motion, finding that defendant's conduct was calculated to cause a mistrial because there was overwhelming evidence of his guilt. The judge was also satisfied that the jury understood and followed his instructions.

On appeal, defendant contends in Point I that the judge erred in not granting a mistrial and new trial. He raises the same arguments he raised before the trial judge, and further argues that there was no evidence that he acted to deliberately disrupt the trial in order to gain a mistrial. We reject these arguments.

▇ "The decision to grant or deny a mistrial is entrusted to the sound discretion of the trial court, which should grant a mistrial only to prevent an obvious failure of justice." *State v.*

*Harvey,* 151 *N.J.* 117, 205, 699 *A.*2d 596 (1997) (citations omitted), *cert. denied sub nom., Harvey v. New Jersey,* 528 *U.S.* 1085, 120 *S.Ct.* 811, 145 *L.Ed.*2d 683 (2000); *see also State v. Allah,* 170 *N.J.* 269, 280, 787 *A.*2d 887 (2002). We "should defer to the decision of the trial court, which is in the best position to gauge the effect of the allegedly prejudicial evidence." *Harvey, supra,* 151 *N.J.* at 205, 699 *A.*2d 596. The trial judge in this case perceived no obvious failure of justice, and nor do we.

There is no New Jersey authority directly on point. However, numerous jurisdictions have held that a defendant is not entitled to a mistrial or a new trial for misconduct in the jury's presence. *See, e.g., State v. Ganal,* 81 *Haw.* 358, 378, 917 *P.*2d 370, 390 (1996) (holding that the defendant "should not be rewarded for his misconduct, especially by a post-verdict grant of a new trial"); *Gordon v. State,* 609 *N.E.*2d 1085, 1087 (Ind.1993) (holding that "[i]t is proper for a trial judge to take those steps necessary to control an obstreperous defendant whose conduct is disruptive of the trial and to proceed with the trial under those conditions"); *State v. Wiggins,* 337 *So.*2d 1172, 1173 (La.1976) (holding that "[a] defendant cannot complain that prejudicial conduct requires a mistrial, when the alleged prejudice was created by his own obstructive conduct met by a reasoned and ordered reaction by the trial court in the interest of maintaining orderly procedure in the courtroom").

Courts have denied a mistrial in cases with facts similar to the present case. For example, in *State v. Olinghouse,* 605 *S.W.*2d 58, 70 (Mo.1980), the defendant pushed defense counsel in the jury's presence, causing counsel to fall against a bench, and used obscenities when referring to counsel. The defendant moved for a mistrial, which the trial judge denied. *Ibid.* The Supreme Court of Missouri affirmed, concluding that "[t]he trial court was not obliged to reward appellant for his outburst." *Ibid.*

In *Chamberlain v. State,* 453 *S.W.*2d 490, 492–93 (Tex.Crim. App.1970), the defendant and his co-defendants engaged in a courtroom altercation with the sheriff's officers. The defendant

moved for a mistrial, which the trial judge denied. *Id.* at 493. In affirming, the Texas Court of Criminal Appeals noted that the grant of a mistrial would have permitted the defendant "to take advantage of his own misconduct, and the attempted administration of justice would be reduced to a mockery." *Ibid.* The court continued:

If a witness or a defendant is not satisfied with the rules or if he thinks they are unfair and unconstitutional, he has a right to test them in the appellate courts and this does not include the right to fight the officers in the courtroom or otherwise disrupt the proceedings. The rules of procedure, like our substantive law, apply to everyone; those who violate them should know that they must suffer the consequences, especially those who would like to disrupt the orderly administration of justice and eventually destroy our judicial system.
[*Ibid.*]

The denial of a mistrial to a defendant who engages in violent and disruptive courtroom behavior is further proper where the trial judge questioned the jurors about their ability to remain fair and impartial after witnessing the incident, solicited a show of hands from the jurors responding to the judge's questions about the incident, gave a prompt curative instruction to remain fair and impartial, and gave a final instruction to only consider the evidence presented at trial during deliberations. *People v. Cosby,* 271 *A.D.*2d 353, 708 *N.Y.S.*2d 58, 59 (N.Y.App.Div.), *appeal denied,* 95 *N.Y.*2d 904, 716 *N.Y.S.*2d 645, 739 *N.E.*2d 1150 (2000); *State v. Blackwell,* 238 *N.W.*2d 131, 132–33, 139 (Iowa 1976); *Hammond v. United States,* 345 *A.*2d 140, 142 (D.C.1975); *State v. Guy,* 82 *N.M.* 483, 483 *P.*2d 1323, 1323–24 (N.M.Ct.App.1971).

Federal courts have reached a similar conclusion on this issue. In *Pitts v. Redman,* 776 *F.Supp.* 907, 926 (D.Del.1991), *aff'd,* 970 *F.*2d 899 (3d Cir.), *cert. denied,* 506 *U.S.* 1003, 113 *S.Ct.* 611, 121 *L.Ed.*2d 545 (1992), the defendant fought with corrections officers in the jury's presence, and then moved for a mistrial, which the trial judge denied. The judge did not instruct the jury to disregard the incident and continued with the trial. *Ibid.* On the defendant's petition for habeas relief, the federal district court determined that "[w]hen a request for a mistrial is grounded on a disruptive incident during trial, the applicable inquiry is whether

the incident so prejudiced the jury that the defendant could not obtain a fair trial." *Ibid.* The court concluded that there had been no compromise to the defendant's right to a fair trial because the trial judge gave a final instruction that the jury must base the verdict "only on the evidence in the case." *Ibid.* The court also concluded that the trial judge "was not required to let [the defendant] succeed, through his own obstreperous behavior, to prematurely end the trial[,]" noting that "[c]learly the Constitution does not compel such a result." *Id.* at 926–27 (citing *Illinois v. Allen*, 397 *U.S.* 337, 349–50, 90 *S.Ct.* 1057, 1063–64, 25 *L.Ed.*2d 353, 362–63 (1970) (stating that "[t]o allow the disruptive activities of a defendant . . . to prevent his trial is to allow him to profit from his own wrong" and that "[t]he Constitution would protect none of us if it prevented the courts from acting to preserve the very processes that the Constitution itself prescribes")).

In *United States v. Aviles*, 274 *F.*2d 179 (2d Cir.), *cert. denied sub nom., Evola v. United States*, 362 *U.S.* 974, 80 *S.Ct.* 1057, 4 *L.Ed.*2d 1009 (1960), the Second Circuit Court of Appeals relied on the same rationale in upholding the denial of the defendants' motions for a mistrial. In that case, one of multiple defendants had "burst into a tirade before the jury[.]" *Id.* at 193. All defense counsel moved for a mistrial, which the trial judge denied. *Ibid.* In affirming, the Court of Appeals noted that the grant of a mistrial "would provide an easy device for defendants to provoke mistrials whenever they might choose to do so." *Ibid.* The court concluded there was no error because the judge "adequately dealt with the situation" by instructing the jury to disregard the offending defendant's statements. *Ibid.*

In view of the overwhelming evidence of defendant's guilt in this case, and his knowledge of his sentence exposure,[1] we conclude that defendant's courtroom outburst was not the result of "pent-

---

[1] At the time of the plea-cutoff proceeding, defendant was aware that, if convicted on all counts, he faced life imprisonment without the possibility of parole.

up" frustrations or stress; rather, it was a deliberate, calculated attempt to cause a mistrial. A defendant cannot engage in courtroom misconduct, especially assaulting his attorney and fighting with sheriff's officers, and then expect to be rewarded with a mistrial or new trial for his or her egregious behavior, where, as here, the judge took appropriate cautionary measures.

In addition, defendant's right to a fair trial was not compromised because the judge's cautionary instructions were adequate. The judge twice instructed the jury to disregard defendant's misconduct and base the verdict solely on evidence in the courtroom, and he obtained their acknowledgment that they understood and would comply with his instructions. Jurors are presumed to have followed the court's instructions in the absence of evidence demonstrating otherwise. *State v. Martini*, 187 *N.J.* 469, 477, 901 *A.*2d 941 (2006), *cert. denied*, 549 *U.S.* 1223, 127 *S.Ct.* 1285, 167 *L.Ed.*2d 104 (2007). There is no such evidence here.

Affirmed in part; reversed in part, and remanded for entry of a corrected judgment of conviction in accordance with this opinion. We do not retain jurisdiction.