NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2215-15T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

MIRLE LOPEZ,

 Defendant-Appellant.

 Submitted May 10, 2017 – Decided July 18, 2017

 Before Judges Alvarez and Manahan.

 On appeal from the Superior Court of New
 Jersey, Law Division, Passaic County,
 Indictment No. 94-12-1412.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Joseph Anthony Manzo,
 Designated Counsel, on the brief).

 Camelia M. Valdes, Passaic County Prosecutor,
 attorney for respondent (Christopher W. Hsieh,
 Chief Assistant Prosecutor, of counsel and on
 the brief).

PER CURIAM

 Defendant Mirle Lopez appeals the November 9, 2015 decision

denying his petition for post-conviction relief (PCR) after an

evidentiary hearing on remand by the Supreme Court. We now affirm.
 Tried by a jury, defendant was convicted of two counts of

first-degree armed robbery, N.J.S.A. 2C:15-1; second-degree

possession of a weapon for an unlawful purpose, N.J.S.A.

2C:39-4(a); third-degree unlawful possession of a weapon, N.J.S.A.

2C:39-5; and two counts of fourth-degree aggravated assault,

N.J.S.A. 2C:12-1(b)(4). He was sentenced on December 1, 1995, to

an extended term, and as a second-time offender under the Graves

Act, to a presumptive fifty years imprisonment subject to twenty-

five years of parole ineligibility. The charges stemmed from a

convenience store robbery. The juveniles involved in the crime

testified against defendant.

 Defendant, who had a juvenile history, had been previously

convicted of four indictable offenses, including armed robbery.

Defendant's presentence report included information about his

suicide attempts, psychiatric hospitalization, and drug use.

Defendant told the author of the presentence report that he left

school in the 7th grade.

 During the sentence proceeding, defendant vigorously objected

to his attorney's representation, claiming he was innocent and his

attorney was ineffective. On the record in defendant's presence,

his trial attorney said defendant had instructed him not to speak.

Defendant spoke at some length on his own behalf. He said, among

other things: "Most of the defendants that come into this

 2 A-2215-15T4
courtroom are people that society do not want; victims of the

ghetto, the slum parts of Paterson, people who can be saved and

rehabilitated. Yet, they have no chance for survival for your

lawyers don't grant them the opportunity." When the prosecutor

made his presentation during the sentence hearing, defendant

literally turned his back on him. Before the judge completed

handing down the sentence, defendant asked to be removed from the

courtroom.

 Defendant's direct appeal was denied. State v. Lopez, (Lopez

I) No. A-2950-95 (App. Div. May 2, 1997). On appeal, defendant

raised as a point of error his attorney's allegedly ineffective

assistance, including his alleged "abandon[ment] [of] his client

at sentencing, fail[ure] to present any mitigating factors and

allow[ing] the defendant to be sentenced arbitrarily." We deferred

resolution of that claim to a later PCR petition. Id. at 5.

 With regard to the claim of excessive sentence, however, we

said that:

 The sentence was proper. The conviction
 of armed robbery was the defendant's second
 conviction under the Graves Act. See N.J.S.A.
 2C:43-6(c). Defendant's accomplices used a
 gun at the robbery and the defendant was aware
 of that fact. See State v. White, 98 N.J.
 122, 131 (1984). A BB gun is a firearm within
 the meaning of the Graves Act. See N.J.S.A.
 2C:39-1(f); State v. Mieles, 199 N.J. Super.
 29, 37 (App. Div.), certif. denied, 101 N.J.
 265 (1985).

 3 A-2215-15T4
 Defendant received a presumptive term of
 fifty years. See N.J.S.A. 2C:44-1(f)(1); see
 also N.J.S.A. 2C:43-6(c); N.J.S.A. 2C:43-
 7(c); N.J.S.A. 2C:44-3(d). The judge properly
 found and applied the aggravating factors; he
 found no mitigating factors. The sentence was
 not excessive. See State v. Roth, 95 N.J.
 334, 363-64 (1984).

 [Ibid.]

The Supreme Court denied defendant's petition for certification.

151 N.J. 465 (1997).

 Defendant's first PCR petition was denied on June 23, 2000.

In his written statement of reasons, the late Judge Edward V.

Gannon found, among other things, that trial counsel had not been

ineffective during the trial. Counsel throughout the trial made

certain strategic decisions which were stated for the record,

without objection from defendant. The judge also noted that

defendant had been previously represented by the same attorney,

and that in the prior matter defendant had been acquitted. On

appeal, we affirmed the denial of PCR. State v. Lopez (Lopez II),

No. A-0247-00 (App. Div. Mar. 4, 2002). The Supreme Court again

denied defendant's petition for certification. 174 N.J. 41 (2002).

 Defendant then filed unsuccessful habeas corpus proceedings

in the federal courts which were ultimately denied by the Supreme

Court in 2005. Lopez v. Ortiz, Adm'r, E. Jersey State Prison, 546

U.S. 845, 126 S. Ct. 369, 163 L. Ed. 2d 111 (2005).

 4 A-2215-15T4
 Defendant's second PCR petition was denied in the Law Division

on November 17, 2009. The court denied relief on the basis that

the expert report defendant had by then obtained regarding his

mental condition could have been produced at the first PCR hearing.

Defendant's expert report stated that he was borderline mentally

retarded, has a learning disability, and a history of depression

with psychotic feature and had been a drug user.

 The judge opined that given the nature of the offense, an

armed robbery from a convenience store, there was "enough severity

in the crime and in the record to more than justify the sentence

that was given." The judge also relied on the fact defendant told

his attorney to say nothing at sentencing, and that defendant

insisted he just wanted to end the sentence hearing as quickly as

possible.

 On October 26, 2011, we denied defendant's appeal. State v.

Lopez (Lopez III), No. A-4955-09 (App. Div. Oct. 26, 2011). We

concluded that the petition was procedurally barred under Rule

3:22-4, as the claims regarding defendant's mental health issues

could have been raised in defendant's first petition. Id. at 4.

We further found defendant's second petition to be grossly out of

time, see R. 3:22-12, even when viewed within the time limitations

in effect when the first PCR petition was filed. Lopez III, supra,

slip op. at 4. Lastly, we stated that having silenced his

 5 A-2215-15T4
attorney, defendant could not now be heard to complain. Id. at

4-5.

 On April 9, 2012, the Court summarily remanded the matter for

an evidentiary hearing. 212 N.J. 572 (2012). On remand, the

expert actually testified, as did defendant's trial attorney. The

attorney stated that although he had no independent memory of the

case, it was clear his client instructed him not to say anything

at the sentence hearing and that he would "typically acquiesce to

the instruction of my client."

 On November 9, 2015, the Law Division judge, in a twelve-page

written opinion, denied PCR relief. By way of preface the judge

stated that the delay between the remand and the hearing was

occasioned by difficulties in compiling the "underlying pleadings

and submissions" in order to assemble a complete file. The judge

noted that during the PCR hearing, defendant had been disruptive,

"reminiscent of the very type of behavior he demonstrated during

the original sentencing proceeding. . . ." The judge found based

on his review of the transcript that

 [d]efendant emphatically attempted to control
 the course of proceedings and insisted that
 his trial counsel not speak on his behalf at
 sentencing. It would be unjust to now allow
 defendant's recalcitrance to work to his
 advantage by prevailing on an ineffective
 assistance argument he was solely responsible
 for potentially precipitating. Further, as
 was established during oral argument, there

 6 A-2215-15T4
 was reference to defendant's mental state in
 the presentence report.

The judge observed that the sentencing judge could well have

considered the evidence found in the presentence report in

mitigation, even in the absence of an expert report, but did not.

He therefore concluded that the expert's report would not have

affected the outcome because it would not have been the basis for

mitigating factors. The sentencing judge had the same or similar

information available via the presentence report but did not

consider it a basis for the grant of any mitigating factors. Thus

the presumptive sentence would not have been modified. This appeal

followed.

 Defendant now raises the following points of error for our

consideration:

 POINT I
 DUE TO THE ESTABLISHED INEFFECTIVENESS OF
 COUNSEL AT SENTENCING, THE LOWER COURT ERRED
 IN NOT GRANTING MIRLE LOPEZ'[S] PETITION FOR
 POST CONVICTION RELIEF.

 POINT II
 THE COURT ERRED IN IGNORING THE OBVIOUS
 PRESENCE OF MENTAL RETARDATION AND OTHER
 MENTAL ISSUES OF THE DEFENDANT AND FINDING
 THERE WERE NO POSSIBLE SENTENCING MITIGATING
 FACTORS.

 Defendant formulated his theory of ineffective assistance of

counsel in the sentencing as far back as at least the direct appeal

 7 A-2215-15T4
decision in 1997. He failed to raise the issue, clearly having

the opportunity to do so, on his first PCR in 2000.

 Furthermore, defendant's 2006 petition was inexplicably out

of time. Having filed a first petition for PCR, defendant offered

no explanation for his six-year delay in filing the second, and a

more than ten-year delay in bringing the matter forward by way of

PCR petition.

 Most significantly, however, defendant cannot now be heard

to object to his attorney's manner of representation if he silenced

him at the trial, choosing instead to speak for himself. At the

very least, it implicates the doctrine of invited error, because

defendant openly controlled the presentation of information to the

judge before the sentencing decision, and now complains that it

was mistaken. See State v. Munafo, 222 N.J. 480, 487 (2015)

(internal quotation marks and citation omitted) ("Under the

invited error doctrine, trial errors that were induced, encouraged

or acquiesced in or consented to by [defendant] ordinarily are not

a basis for reversal on appeal.").

 We have previously held that defendants should not benefit

from calculated misconduct. In State v. Montgomery, 427 N.J.

Super. 403, 405 (App. Div. 2012), certif. denied, 213 N.J. 387

(2013), a defendant assaulted his attorney and then requested a

mistrial. On appeal, the defendant argued that the mistrial should

 8 A-2215-15T4
have been granted. Id. at 406. We concurred with the Law Division

judge's decision to deny a mistrial. Ibid. Although the facts

in Montgomery are dissimilar, the holding applies. Here, as in

Montgomery, we conclude the defendant should not benefit from his

own misconduct. Having told his attorney to say nothing, this

defendant should not now be heard to complain because his attorney

stood mute.

 In order to establish ineffective assistance of counsel, a

defendant must demonstrate substandard professional assistance and

ultimate prejudice to the outcome as a result thereof. Strickland

v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed.

2d 674, 683 (1984). Defendant in this case fails to meet that

standard, were he entitled, which he is not, to have us reach the

issue on the merits. He received the presumptive term of

incarceration, a favorable sentence, given that he was a

second-time Graves Act offender and received an extended term,

despite the absence of factors in mitigation. The judge had

available, by way of the presentence report, the information that

defendant had significant mental health and substance abuse

problems, and was at least academically limited. The judge could

have, even if not specifically asked to do so, used this

information in sentencing defendant. That he elected not to do

 9 A-2215-15T4
so appears to us to be logical given that none of the information

constituted the basis for a specific statutory mitigating factor.

 Trial counsel's acquiescence to his client's instruction does

not fall outside the range of competent representation. See RPC

1.2(a) ("A lawyer shall abide by a client's decisions concerning

the scope and objectives of representation[.]"). It is not clear

that the information in the expert's report would have made a

difference in the sentencing process since it did not fit into any

mitigating factor per se. Defendant received the presumptive term

even though the aggravating factors stood alone. Thus defendant

fails to meet either prong of the Strickland test.

 Affirmed.

 10 A-2215-15T4