**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2083
_____

MARVIN MATHIS,
                            Appellant

v.

ATTORNEY GENERAL OF THE STATE OF NEW JERSEY;
ADMINISTRATOR NEW JERSEY STATE PRISON

_____

Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 2-15-cv-02092)
Honorable Jose L. Linares, U.S. District Judge

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 13, 2018

Before:  JORDAN, KRAUSE, and GREENBERG, *Circuit Judges*

(Opinion filed April 23, 2018)
_____

OPINION[*]
_____

KRAUSE, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Marvin Mathis appeals the District Court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Mathis's counsel moves to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).[1] For the following reasons, we will grant counsel's motion, affirm the District Court's order denying habeas relief, and remand with direction to amend the order to clarify that the petition is dismissed without prejudice.

## I.      Background

In 1998, Mathis was convicted in New Jersey state court of murder, armed robbery, felony murder, and related weapons offenses arising out of a robbery and homicide in Elizabeth, New Jersey. Because Mathis was 15 years old at the time of his arrest, he was initially charged as a juvenile in family court proceedings, and three experts prepared psychological reports to assess whether Mathis should be tried instead as an adult in the Law Division of the Superior Court. Mathis's charges ultimately proceeded in the Law Division, where he was tried as an adult and found guilty of all charges.

---

[1] *Anders* procedures, which allow counsel to "withdraw from representing an indigent criminal defendant on appeal if there are no nonfrivolous issues to appeal," are designed "to protect a defendant's constitutional right to counsel." *Simon v. Gov't of the Virgin Is.*, 679 F.3d 109, 114–15 (3d Cir. 2012). "Because that right exists on direct appeal but not in collateral proceedings, *Anders* procedures are not required in the habeas context," but "it is not erroneous to apply them." *Id.* at 115 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555, 557 (1987)).

At sentencing, Mathis's counsel asked the trial court to consider as mitigating factors Mathis's youth, lack of prior criminal record, and status as a special education student subject to the influence of older individuals, but he did not introduce evidence in support of those factors. Largely rejecting those arguments, the trial court found that the substantial aggravating factors outweighed the mitigating factors, and that a sentence above the minimum was required. The trial court sentenced Mathis to 50 years in prison.[2]

Following his direct appeal, Mathis petitioned for post-conviction relief (PCR), raising several claims including one for ineffective assistance of counsel at sentencing. The state court denied his petition, and the Appellate Division affirmed. After the New Jersey Supreme Court denied review, Mathis filed a habeas petition in District Court, reasserting an ineffective assistance claim. The District Court denied his petition for habeas relief, and we granted a Certificate of Appealability only as to one narrow claim: that trial counsel was ineffective for failing to present at sentencing the family court expert reports in support of the mitigating factor that Mathis was a "youthful defendant . .

---

[2] Under New Jersey law, the permissible sentence for murder was between 30 years and life imprisonment. N.J. Stat. Ann. 2C:11-3(b). The trial court also imposed an 18-year sentence for robbery and a 4-year sentence for the weapons offense, which ran concurrent with his murder sentence.

3

. substantially influenced by" a "more mature" individual. N.J. Stat. Ann. § 2C:44-1b(13) (mitigating factor 13).[3]

## II. Jurisdiction and Standard of Review[4]

Under the *Anders* framework, we conduct a twofold inquiry to determine (1) whether counsel has adequately fulfilled the requirements of Local Appellate Rule 109.2(a) by "thoroughly examin[ing] the record in search of appealable issues" and "explain[ing] why those issues are frivolous," and (2) "whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Because the District Court did not conduct an evidentiary hearing, our review of its decision is plenary. *McMullen v. Tennis*, 562 F.3d 231, 236 (3d Cir. 2009).

## III. Discussion

A petition for a writ of habeas corpus "shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1); *Wilkerson v. Superintendent Fayette SCI*, 871 F.3d 221, 227 (3d Cir. 2017). To satisfy the exhaustion requirement, a petitioner must "fairly present" the claim by presenting its "factual and legal substance to the state courts in a manner that puts them on notice that a

---

[3] In connection with that claim, we instructed the parties to address whether Mathis's habeas petition was timely filed. Because "AEDPA's statutory limitations period . . . is subject to equitable tolling in appropriate cases," *Holland v. Florida*, 560 U.S. 631, 645 (2010), and New Jersey has conceded that such tolling is warranted here, we consider Mathis's petition timely.

4

federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999); *see Lines v. Larkins*, 208 F.3d 153, 159–60 (3d Cir. 2000).

As a general rule, federal courts "dismiss without prejudice claims that have not been properly presented to the state courts, allowing petitioners to exhaust their claims." *Lines*, 208 F.3d at 159–60; *see Banks v. Horn*, 126 F.3d 206, 212–13 (3d Cir. 1997); *see, e.g.*, *Jones v. Morton*, 195 F.3d 153, 155 (3d Cir. 1999). On the other hand, if a petitioner has not fairly presented the claim and review on the merits is "so 'clearly foreclosed' by state law that we can 'conclude with certainty' that state courts afford no recourse for the claim," *Roman v. DiGuglielmo*, 675 F.3d 204, 209 (3d Cir. 2012) (quoting *Lines*, 208 F.3d at 165, 163), "the claim is 'procedurally defaulted,'" *Wilkerson*, 871 F.3d at 228 (quoting *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001)), and unless the petitioner can "demonstrate cause and prejudice for the default [or] . . . a fundamental miscarriage of justice, [the] petition should [be] dismissed with prejudice," *Lines*, 208 F.3d at 160; *see also Slutzker v. Johnson*, 393 F.3d 373, 381 (3d Cir. 2004).

Here, Mathis did not exhaust his claim that trial counsel was ineffective for failing to introduce the expert reports in support of mitigating factor 13, i.e., that he was a youthful defendant substantially influenced by a more mature individual. On PCR appeal, Mathis merely argued that "trial counsel was wholly ineffective for not specifically setting forth the mitigating factors which were present in this case" and for

---

[4] The District Court had jurisdiction under 28 U.S.C. § 2254, and we have

"fail[ing] to proffer witnesses at sentencing that could have further substantiated" those factors. App. 1214–15. And in a pro-se brief attached to his counseled brief, Mathis argued that trial counsel was "ineffective for not presenting the extensive evidence of [his] low intellectual functioning and personality disorder" in support of a different mitigating factor and that his "susceptibility to influence by an adult" was supported by the expert reports. App. 1310. But Mathis did not cite mitigating factor 13 or fairly present an argument that his counsel was ineffective for failing to introduce the reports in support of that factor.

"[S]imply because a petitioner brings a claim of ineffective assistance of counsel" does not mean that "every claim counsel is allegedly deficient for failing to raise necessarily has been fairly presented to the state court," *Mathias v. Superintendent Frackville SCI*, 876 F.3d 462, 480 n.6 (3d Cir. 2017), and Mathis's claim that the reports should have been introduced in support of other mitigating factors and passing reference to the reports' documentation of his susceptibility to influence by others did not put the state on notice of an ineffective assistance claim for failure to introduce the reports in support of mitigating factor 13, *see McCandless*, 172 F.3d at 261. That claim is therefore unexhausted. *See Lines*, 208 F.3d at 160.

---

jurisdiction under 28 U.S.C. §§ 1291 and 2253.

Although we doubt that New Jersey would hear a new challenge to a sentencing decision made 20 years ago,[5] neither party has claimed Mathis has no further remedies in the state courts, and, in any event, this is not a situation where the state relied on a procedural rule in earlier proceedings to prevent review of the claim, *cf., e.g.*, *Wenger*, 266 F.3d at 224; *Johnson*, 392 F.3d at 562–63, or where we can say with certainty that the claim would be found procedurally barred, *c.f., e.g.*, *Whitney v. Horn*, 280 F.3d 240, 251–52 (3d Cir. 2002) (explaining that jurisdictional rule would prevent review); *McCandless*, 172 F.3d at 260 (finding procedural default where parties agreed that the petitioner was barred from bringing the claim in state court). In these circumstances, "we will not presume how the state courts would rule on" procedural default and, rather than dismissing with prejudice on that ground, will merely "dismiss[] . . . without prejudice for failure to exhaust state remedies." *Toulson v. Beyer*, 987 F.2d 984, 989 (3d Cir. 1993); *see also Lines*, 208 F.3d at 159–60.

---

[5] Mathis's claim appears subject to both (1) New Jersey's bar on grounds not raised in prior proceedings, *see* N.J. Ct. R. 3:22-4, and (2) its five-year time bar for filing post-conviction relief, *see* N.J. Ct. R. 3:22-12. But Rule 3:22-4 contains exceptions that New Jersey "generally ha[s] declined to read . . . narrowly," *State v. Martini*, 901 A.2d 941, 948 (N.J. 2006) (quoting *State v. Preciose*, 609 A.2d 1280, 1293 (N.J. 1992)), and the time bar, while followed in all but the "most exceptional cases," *Johnson v. Pinchak*, 392 F.3d 551, 554 (3d Cir. 2004), is sometimes relaxed by the state courts, *see id.* at 562–63. As such, it is best for the state courts to make those determinations in the first instance. *See Toulson v. Beyer*, 987 F.2d 984, 989 (3d Cir. 1993); *Lines*, 208 F.3d at 163.

**IV.     Conclusion**

For the foregoing reasons, we will grant counsel's motion to withdraw, affirm the District Court's order denying habeas relief, and remand for the District Court to amend the order to dismiss without prejudice.